Jennifer A. Kash (Bar No. 203679)
jenniferkash@quinnemanuel.com
Eric E. Wall (Bar No. 248692)
ericwall@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

David A. Nelson*
davenelson@quinnemanuel.com
Amanda S. Williamson*
amandawilliamson@quinnemanuel.com
Robert R. Cleary, Jr.*
robertcleary@quinnemanuel.com
Aaron Perez-Daple*
aaronperezdaple@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
500 West Madison Street, Suite 2450
Chicago, IL 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

*Admitted *pro hac vice*

Attorneys for Symantec Corporation.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| SYMANTEC CORPORATION,<br><br>  Plaintiff,<br><br>  vs.<br><br>ACRONIS, INC.,<br><br>  Defendant. | Case No. 3:11-cv-05310 EMC<br><br>**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM UNDER RULE 12(B)(6) OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT**<br><br>Date:    Friday, February 24, 2012<br>Time:   1:30 PM<br>Judge:  Hon. Edward M. Chen<br>          Courtroom 5, 17th Floor<br>          San Francisco |

**INTRODUCTION**

In its motion to dismiss, Defendant Acronis, Inc. ("Acronis") does not contest that Plaintiff Symantec Corporation ("Symantec") has adequately pled that Acronis directly infringes the asserted patents. Rather, Acronis seeks to dismiss Symantec's claims for contributory infringement and inducement. Acronis' motion is merely a delay tactic to thwart the timely resolution of Symantec's infringement action.

The purpose of a complaint is to give Acronis fair notice of Symantec's claims and the grounds on which they rest. Symantec has done so here by identifying, with respect to its contributory infringement and inducement claims, the products that infringe the patents in suit and the entities that directly infringe the patents. As courts in this district have concluded, the Supreme Court's decisions in *Twombley* and *Iqbal* do not require Symantec to allege each and every element of these vicarious infringement claims. However, Symantec's complaint also alleges all required elements of these claims and, thus, satisfies this higher standard as well.

**ARGUMENT**

**I.      SYMANTEC NEED NOT PLEAD EVERY ELEMENT OF CONTRIBUTORY INFRINGEMENT OR INDUCEMENT**

The Federal Rules require that Symantec plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In view of this low standard for pleading, the threshold for prevailing on a motion to dismiss is correspondingly high. *United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981) (holding that a motion to dismiss should only be granted under extraordinary circumstances).

In order to survive a motion to dismiss, Symantec need merely state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The complaint must establish only that there is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 1249-50. In deciding a motion to dismiss, all allegations in the complaint are to be taken as true. *Newmatic Sound Sys., Inc. v. Magnacoustics, Inc.*, 2010 WL 1691862, at *2-3 (N.D. Cal. April 23, 2010 (citing *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986)).

Symantec need not plead each individual element of contributory infringement or inducement to withstand a motion to dismiss these claims.  Numerous courts, including courts in this district and circuit, have concluded that the Supreme Court's decisions in *Twombley* and *Iqbal* do not require element-by-element pleadings of these causes of action.  *Sony Corp. v. LG Elect. U.S.A., Inc.*, 768 F. Supp. 2d 1058, 1063 (C.D. Cal. 2011) (court found that plaintiff is not required to plead each individual element of a claim for indirect infringement); *Rambus, Inc. v. Nvidia Corp.*, 2008 WL 4911165, at *3–4 (N.D. Cal. 2008) (alleging that defendant "actively induced" and "has contributed to and continues to contribute to" infringement held sufficient at pleading stage); *Tune Hunter, Inc. v. Samsung Telecomm. Am., LLC*, 2010 WL 1409245, at *4 (E.D. Tex. Apr. 1, 2010) (allegations that manufacturers of music identification systems either alone or in conjunction with others used, supplied, and sold systems infringing on patent were sufficient to plead claims of direct or contributory infringement); *Mesh Comm, LLC v. EKA Sys., Inc.*, 2010 WL 750337, *1–2 (M.D. Fla. Mar. 4, 2010) (plaintiff pled all required elements of direct and indirect infringement claims with simple assertion of patents, naming of defendants, allegation of infringement, and invocation of specific section of patent law).

Although Acronis cites this Court's opinion in *Wistron Corp. v. Phillip M. Adams & Ass., LLC*, 2011 WL 4079231 (N.D. Cal., Sept. 21, 2011) in support of the contention that a complaint must make allegations to support each element of contributory infringement, Acronis misreads the Court's holding.  In *Wistron*, this Court dismissed the patentee's claims because they did not allow the Court to draw a reasonable inference as to liability.  *Id.* at *2.  The *Wistron* patent infringement counterclaims are almost completely devoid of any facts and lack any description of the patented technology or the activities that constituted infringement.   The patentee failed to even identify which of the computer hardware components, including "computer chips, motherboards, computers and other products," were alleged of infringement.  *Id.* at *5.  Thus, the patentee's pleadings clearly lacked the factual basis for its allegations.  Here, however, Symantec has pled its claims in sufficient detail to withstand a motion to dismiss and has identified the products that are the subject of its infringement claims.

II. **SYMANTEC HAS SUFFICIENTLY PLED ITS CLAIMS OF CONTRIBUTORY INFRINGEMENT AND INDUCEMENT**

    A. **Symantec Has Properly Pled Contributory Infringement and Inducement in the Alternative**

Acronis alleges (Br. at 5, 7) that the Complaint only "suggests" contributory infringement as a "potential ground" because Symantec alleges that "Acronis has infringed and continues to infringe, contributed to and continues to contribute to acts of infringement, ***and/or*** has actively and knowingly induced and continues to actively and knowingly induce the infringement" of the patents in suit. (Compl., ¶¶ 29, 30, 36, 37, 43, 44, 50, 51, 57, 58.) Acronis cites no authority for this proposition, which has no support in the law.

Symantec's complaint properly alleges each of its direct infringement, contributory infringement, and inducement theories. (*Id.*) The formulation "and/or" indicates that, to the extent that any such allegation is inconsistent with another allegation, Symantec is pleading these theories in the alternative, as is permitted by Federal Rule of Civil Procedure 8(d)(2). *See also Brocade Comm. Sys., Inc. v. A10 Networks, Inc.*, 2011 WL 1044899, at *6-7 (N.D. Cal. 2011) (allegation that "A10 (and/or third parties acting on A10's behalf)" sufficiently identifies that any manufacturer, importer or seller in supply chain for A10's AX Series products indirectly infringes the patents). Thus, Symantec's "and/or" formulation of its infringement claims is not a basis for dismissal.

    B. **Symantec Has Properly Pled That There Has Been Direct Infringement**

With respect to Symantec's contributory infringement and inducement allegations, Acronis contends that Symantec has failed to sufficiently plead the direct infringement that predicates these indirect infringement allegations. (Br. at 5-6, 7.) Acronis simply ignores the facts that Symantec has pled.

Symantec pled that Acronis' customers, who purchase Acronis' products, directly infringe the patents in suit. Symantec specifically identified these products as the "Backup and Recovery product line," which includes "Backup & Recovery 11 Workstation, Backup & Recovery 11 Server for Windows, Backup & Recovery 11 Advanced Server SBS Edition, Backup & Recovery 11 Server for Linux, Backup & Recovery 11 Online, Backup & Recovery 11 Advanced Server,

1 Backup & Recovery 11 Virtual Edition, and Backup & Recovery 11 Advanced Workstation," and
2 the True Image product line. (Compl., ¶¶ 25, 29, 36, 43, 50, 57.) Thus, the current case is
3 distinguishable from *Wistron*, in which this Court dismissed the patentee's counterclaims because
4 of the failure to identify the products that were the subject of its vicarious infringement claims.
5 *Wistron Corp. v. Phillip M. Adams & Ass., LLC*, 2011 WL 4079231 at *6 (N.D. Cal., Sept. 21,
6 2011).[1]

7 From these facts, the Court can draw the reasonable inference that it is the direct
8 infringement committed by Acronis' customers that forms the basis for Symantec's contributory
9 infringement and inducement claims. *Iqbal*, 129 S.Ct. at 1940.

10 **C. Symantec Need Not Plead Knowledge or Intent and, at a Minimum, Has Sufficiently Pled Claims for Future Contributory Infringement and Inducement**
11

12 Acronis also contends that Symantec's contributory infringement and inducement claims
13 should be dismissed because Symantec did not specifically allege that Acronis acted with the
14 required knowledge or intent. (Br. at 6.) Numerous decisions in this district and others contradict
15 Acronis' arguments.

16 First, courts have held that a patentee need not specifically plead the requisite intent to
17 withstand a motion to dismiss contributory infringement or inducement claims. *See, e.g., Sony*
18 *Corp. v. LG Elect. U.S.A., Inc.*, 768 F. Supp. 2d 1058, 1063 (C.D. Cal. 2011) (denying a motion to
19 dismiss and holding that defendant need not plead that "defendants' contributory infringement was
20 knowing and intentional"); *Brocade*, 2011 WL 1044899, at *7 (proof of knowledge not required at
21 pleading stage because question regarding knowledge and intent to induce infringement cannot be
22 resolved without development of the factual record).

23 Second, with respect to inducement, a court in this district has held that "alleging that
24 defendant 'actively induced' is tantamount to alleging that defendant knowingly induced
25 infringement." *Rambus*, 2008 WL 4911165 at *3. Symantec has made these allegations here.

26

27
28 [1] Symantec's complaint also identifies the customers as "private users, branch offices and . . . enterprise clients," and larger corporations. (Compl., ¶ 22.)

-4- Case No. 3:11-cv-05310 EMC
Plaintiff's Opposition to Motion to Dismiss

(Compl., ¶¶ 29, 36, 43, 50, 57.) Symantec is entitled to discovery to develop the factual record concerning Acronis' knowledge of the patents in suit based upon its pleading in this action.

Third, Acronis continues to sell its products despite the fact that it has been served with Symantec's complaint. The complaint provides Acronis with knowledge of the patents in suit and it may thus be inferred that Acronis' continued sales of its products are made with the requisite knowledge and intent. *Schindler Elevator Corp. v. Otis Elevator Co.*, 2010 WL 1032651, at * 10 (D.N.J. 2010, Mar. 16, 2010) (quoting *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1340 (Fed. Cir. 2008) (denying motion to dismiss where patentee sought an injunction and allegedly infringing activity was continuing despite service of the complaint)). Therefore, at a minimum, Symantec has properly pled contributory infringement and inducement for post-filing activity.

Finally, this Court's prior decision in *Wistron* is distinguishable from the instant case. The products accused of infringement in that case were unidentified computer components and the complaint failed to allege any facts regarding the manufacturers' knowledge of how those components were used. *Wistron Corp. v. Phillip M. Adams & Ass., LLC*, 2011 WL 4079231 at *5 (N.D. Cal., Sept. 21, 2011). Here, Symantec accuses software products of infringement, which Acronis has developed for use in disk-imaging backup and disaster recovery. (Compl., ¶¶ 21-22.) Further, "Acronis has been aiming its products at protecting data in messaging and database systems within corporate environments." (*Id.* ¶ 23.) From these facts, the Court can reasonably infer that Acronis knew and intended that its products be used for the applications for which they were developed. *B-50.com, LLC v. Infosync Services, LLC*, 2011 WL 1043456, at *1 (N.D. Tex. 2011).

**D.      Symantec Has Sufficiently Pled the Remaining Elements of Contributory Infringement and Inducement**

Acronis also contends that Symantec must specify the "allegedly infringing combinations which include Acronis products" and specifically allege that Acronis' products are especially designed for use in the patented invention. (Br. at 6, 7.) This argument is premised on the incorrect assumption that Symantec must plead each element of contributory infringement and

1 inducement. As noted in Section II.A., above, numerous courts have concluded that a patentee 2 does not have to allege every element of its contributory infringement and inducement causes of 3 action. *See, e.g., Sony*, 768 F. Supp. 2d at 1063 (holding that plaintiff is not required to plead each 4 individual element of a claim for indirect infringement).

5       Acronis fails to cite any support for the contention that Symantec needs to identify specific 6 infringing combinations. Section 271(c) simply requires that the alleged infringer offers to sell, 7 sells, or imports "***a component*** of a patented machine, manufacture, combination, or composition, 8 ***or a material or apparatus*** for use in practicing a patented process." 35 U.S.C. § 271(c). Thus, 9 even crediting Acronis' incorrect reading of the law that Symantec must plead each element of its 10 contributory infringement claims, Symantec has satisfied this requirement by identifying the 11 Acronis products that are the component or material that contributes to infringement. (Compl., ¶¶ 12 25, 29, 36, 43, 50, 57.) To the extent that Acronis contends that Symantec must explain how the 13 Acronis products contribute to infringement of the patents in suit in combination with other 14 components, this Court has already rejected that contention. *Wistron Corp. v. Phillip M. Adams &* 15 *Ass., LLC*, 2011 WL 4079231 at *3 (N.D. Cal., Sept. 21, 2011).

16       Further, Symantec has pled facts from which it may be reasonably inferred that Acronis' 17 products are especially designed for use in the patented inventions. *Iqbal*, 129 S.Ct. at 1940. 18 Symantec has pled that Acronis sells products, including its Backup and Recovery product line, to 19 customers for use in "disk-imaging backup and disaster recovery." (Compl., ¶ 23.) As is apparent 20 from the complaint's description of the patents in suit, in designing software with this 21 functionality, the software is especially designed for the patented invention. (*Id.* ¶¶ 15-20.)

22 **III.**    **A MORE DEFINITE STATEMENT IS NOT REQUIRED**

23       For the reasons set forth above, Symantec has adequately pled both its contributory 24 infringement and inducement claims, identifying the products that form the basis for these claims 25 and the Acronis customers responsible for the direct infringement underlying these claims. 26 Accordingly, Acronis is able to ascertain whether, by selling its products to these customers, it 27 contributes to and induces infringement and there is no reason to order Symantec to provide a 28 more definite statement. *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal.

1994) ("Motions for a more definite statement are viewed with disfavor and are rarely granted because of the minimal pleading requirements of the Federal Rules. Parties are expected to use discovery, not the pleadings, to learn the specifics of the claims being asserted.").

## CONCLUSION

For the reasons above, Symantec respectfully requests that the Court deny the Acronis Motion to Dismiss and the Alternative Acronis Motion for More Definite Statement.

DATED: January 20, 2012

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN

By: /s Eric E. Wall
    Eric E. Wall

    Attorneys for Plaintiff Symantec Corporation