1    Jennifer A. Kash (Bar No. 203679)
     jenniferkash@quinnemanuel.com
2    Eric E. Wall (Bar No. 248692)
     ericwall@quinnemanuel.com
3    QUINN EMANUEL URQUHART & SULLIVAN, LLP
     50 California Street, 22nd Floor
4    San Francisco, California 94111
     Telephone: (415) 875-6600
5    Facsimile: (415) 875-6700

6

7    John W. Thornburgh (SBN 154627/thornburgh@fr.com)
     Jason W. Wolff (SBN 215819/wolff@fr.com)
     Olga I. May (SBN 232012/omay@fr.com)
8    Alex Gelberg (SBN 279989/gelberg@fr.com)
     FISH & RICHARDSON P.C.
9    12390 El Camino Real
     San Diego, California 92130
10   Telephone: (858) 678-5070/Facsimile: (858) 678-5099

11

12                 UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF CALIFORNIA
13                  SAN FRANCISCO DIVISION

14    SYMANTEC CORPORATION,          Case No. 3:11-cv-05310 EMC

15

16              Plaintiff,          JOINT CASE MANAGEMENT STATEMENT

                               Date:      2/24/2012
17          vs.                      Time:      1:30 p.m.
                               Courtroom:   Room 5, 17th Floor
18                             Judge:    Hon. Edward M. Chen
   ACRONIS, INC.,
19                             Trial Date:   None Set
            Defendant.
20

21

22        Attorneys for Symantec Corporation ("Symantec") and Acronis, Inc. ("Acronis")

23 conducted the conference required by Federal Rule of Civil Procedure ("FRCP") 26(f) and Local

24 Rule 16-9 on January 30, 2012.

25        Symantec and Acronis (collectively the "Parties") made a good faith effort to reach

26 agreement on the issues identified in the "Standing Order for All Judges of the Northern District

27 of California:    Contents of Joint Case Management Statement."   The Parties now respectfully

28 submit this Joint Case Management Statement regarding the conference.

1. **Jurisdiction and Service**:  Symantec alleges that the Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a).   Acronis has not yet answered the complaint nor filed any counterclaims because Acronis has a pending motion to dismiss Symantec's allegations of induced and contributory infringement for failure to state a claim.   Acronis does not at this time dispute that the Court has subject matter and personal jurisdiction and that the current venue is proper.   All parties to this action have been served.

2. **Facts**:

*Symantec's Position*

Symantec alleges as follows.   This action arises from Acronis's infringement of U.S. Patent Nos. 7,565,517, ("the '517 patent"), 7,093,086 ("the '086 patent"), 6,615,365 ("the '365 patent"), 7,266,655 ("the '655 patent"), and 7,322,010 ("the '010 patent") (collectively "the Patents-in-Suit").   These patents generally relate to features that enable secure and reliable backup and recovery of data.   Acronis has infringed and continues to infringe Symantec's Patents-in-Suit by at least its making, using, offering to sell, or selling Backup and Recovery and True Image product lines.

The payment of monetary damages alone is insufficient to compensate Symantec for Acronis' infringement of Symantec's patented technologies.   Acronis has received millions of dollars in revenue and increased its market share by selling products that incorporate Symantec's technology without incurring the costs of developing this technology.   Symantec, on the other hand, has borne and continues to bear these costs.   Even if Acronis were to subsequently pay past due royalties, it would still enjoy a market share it has developed during its period of "free riding" on Symantec's intellectual property.   Due to the difficulty in predicting whether, if at all, Symantec can recover this market share, Symantec's harm cannot be compensated by payment of past damages.   Symantec therefore seeks an injunction against Acronis's future infringement.

*Acronis's Position*

Acronis alleges as follows.   Acronis's products do not infringe any valid claim of any of Symantec's Patents-in-Suit.   Headquartered in Woburn, MA, Acronis is a leading provider of disaster recovery and data protection solutions.   Acronis has continuously invested in research

and development of its new technology, as reflected by its patent portfolio and the multiple industry awards for its original products.   Most recently, its Backup & Recovery® Virtual Edition won the Virtualization Review 2012 Reader's Choice Awards as a Preferred Product in the Business Continuity category.   Acronis's software is sold in more than 90 countries and available in up to 14 languages.

Acronis is a growing competitor of Symantec in the market for back-up and recovery products.   Symantec filed this action alleging infringement without providing Acronis any prior notice of its patent rights.   As explained in Acronis's motion to dismiss Symantec's claims for contributory and induced infringement, Symantec's complaint fails to even state these claims. Symantec is not entitled to any damages or injunctive relief from Acronis.   Symantec has also failed to identify any harm that, if proven, cannot be compensated by damages.

In addition, Acronis intends to bring infringement counterclaims and will seek damages and injunctive relief.

3.   **Legal Issues:**

i.   Whether Acronis infringes, directly or indirectly, any claims of the Patents-in-Suit, either literally or under the doctrine of equivalents.   35 U.S.C. § 271.

ii.   Whether the Patents-in-Suit are invalid.

iii.   The meaning of various claim terms in the Patents-in-Suit.

iv.   Whether Acronis's infringing activities have caused and will continue to cause Symantec irreparable harm, for which it has no adequate remedy at law, unless Acronis's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

v.   Whether Symantec is entitled to damages from Acronis which shall in no event be less than a reasonable royalty.   35 U.S.C. § 285.

vi.   Whether Symantec's contributory infringement and inducement claims satisfy the requisite pleading standard under Fed. R. Civ. P. 8(a)(2).

vii.    Whether either party is entitled to attorneys' fees under 35 U.S.C. § 285.[1]

4.    **Motions**:   On January 6, 2012, Acronis moved to dismiss the allegations in Symantec's complaint regarding contributory and induced infringement, or, in the alternative, for a more definite statement of these allegations.   (Dkt. 28).   Symantec's opposition brief was filed on January 20, 2012 (Dkt. 31) and Acronis filed a reply in support of its motion on January 27, 2012.  (Dkt. 36).   There are no other pending motions.   The parties anticipate dispositive motions will be filed in this case, in addition to various other pre-trial motions.

5.    **Amendment of Pleadings**:   Symantec does not anticipate amending its complaint at this time.

Acronis has not yet filed an Answer and is seeking either a dismissal or an amendment of Symantec's complaint.

The parties recognize that future discovery may warrant future amendments.   The parties therefore propose that the deadline for amending pleadings or adding additional parties be the same day as the close of fact discovery.

6.    **Evidence Preservation**:   The parties have taken steps to preserve documents, e-mails, voicemails, or other electronically stored information they believe relevant.

7.    **Disclosures**:   The parties served their initial disclosures on February 13, 2012. *See* Fed. R. Civ. P. 26(a)(C).

8.    **Discovery**:

This case presently concerns five Symantec patents and the parties anticipate collecting documents from custodians inside and outside the United States.   The Parties also anticipate that discovery will include depositions of party employees and representatives, among others, and that discovery from third parties, including document requests and/or deposition testimony, is likely. The scope of anticipated discovery includes all non-privileged matter relevant to Symantec's infringement claims

---

[1] After Acronis brings infringement counterclaims, the action will include additional issues regarding those counterclaims.

1    ***Symantec's Position***

2         The parties have exchanged document requests and interrogatories.   Symantec believes

3    that discovery should be taken on all relevant, non-privileged matters immediately.   Acronis

4    requests to stay all non-claim construction discovery.   Symantec does not believe that any fact

5    discovery should be delayed.

6         Bifurcation of discovery will unnecessarily delay trial and final resolution of the parties'

7    claims.   Under Acronis's proposed schedule, the Court will not hold a claim construction hearing

8    until November 30, 2012.   If non-claim construction discovery does not proceed until after the

9    Court issues its claim construction opinion, then general fact discovery in this case will not

10   commence until 2013.

11        Moreover, the Patent Local Rules contemplate that discovery regarding other matters,

12   including infringement, will proceed in tandem with claim construction discovery.   For example,

13   the Patent Local Rules provide that a party may show good cause to amend its infringement

14   contentions by demonstrating that the Court adopted a claim construction different that the one

15   advanced by the party.   Pat. L.R. 3-6.   If discovery regarding the accused product proceeds

16   concurrently with claim construction discovery, the patentee will be better able to move to amend

17   claims shortly after the Court issues its order.   If discovery is bifurcated, the plaintiff's ability to

18   amend these contentions will be impeded.   Moreover, discovery regarding claim construction and

19   infringement is likely to overlap.   For example, witnesses knowledgeable about the accused

20   products may also be knowledgeable about the level of skill in the art and terms of art used in the

21   patents in suit.

22        ***Acronis's Position***

23        The parties have exchanged document requests and interrogatories with Acronis preserving

24   its objection to non-Markman discovery at this stage.

25        Acronis proposes that in the interests of efficiency, discovery should be staged, with claim

26   construction discovery proceeding as provided by the Patent Local Rules, and all other discovery

27   delayed until after an order on claim construction.   The Federal Circuit has favored stays of

28   discovery not related to claim construction.   "When a particular issue may be dispositive, the

1   court may stay discovery concerning other issues until the critical issue is resolved.   Thus the

2   court's management of discovery at the claim construction stage may serve the salutary goals of

3   speed and economy, and is appropriate in cases in which the dispute may be resolved at this stage

4   without compromise of justice."   *Vivid Technologies, Inc. v. American Science & Engineering,*

5   *Inc.*, 200 F.3d 795, 803-04 (Fed. Cir. 1999) (affirming order of stay).   Such stays eliminate

6   overbroad costly discovery: "it is notable that the district court stayed all discovery that did not

7   relate to claim construction issues, and, while Flagstar expended over $600,000 to litigate this

8   case, that amount would have substantially increased if the district court had allowed full

9   discovery."   *Eon-Net LP v. Flagstar Bancorp,* 653 F.3d 1314, 1327 (Fed. Cir. 2011).   Therefore

10  such stays are a common practice in the district courts, including in this District.   *See, e.g., Reiffin*

11  *v. Microsoft Corp.*, 270 F.Supp.2d 1132, 1162 (N.D. Cal. 2003); *U.S. Ethernet Innovations LLC v.*

12  *Acer Inc.,* 2011 WL 2690158, at *2 (N.D. Cal. July 8, 2011); *Dr. Systems, Inc. v. Fujifilm Medical*

13  *Systems USA, Inc.*, 2008 WL 1734241, at *1 (S.D. Cal. Apr. 10, 2008).   Here, similarly, staging

14  will help avoid overbroad and inefficient discovery on multiple claim and counterclaim patents,

15  unavoidable until the parties know how the Court construes the asserted claims.   The staging will

16  not prejudice Symantec's ability to conduct discovery later because the current proposed schedule

17  runs only through the claim construction hearing.

18        Proposed Discovery Plan:

19        a.      Each party has served on the other initial written discovery requests.

20        b.      ESI

21              *Symantec's Position*: The Parties agree to work together in developing an ESI

22              discovery plan that will adequately address the review and production of

23              electronically stored information.   Fed. R. Civ. P. 26(f)(3)(C).   Acronis presented

24              its proposals regarding ESI production yesterday and Symantec is considering

25              them.

26              *Acronis's Position:*      The Parties agree to meet and confer in good faith regarding

27              the scope and logistics of ESI production.   In particular, the parties will meet and

28              confer regarding the sources and nature of any ESI, number and names of

1  custodians and the number and names of noncustodial witnesses, and select

2  mutually agreed-upon search terms for custodial and noncustodial sources.   The

3  parties agree to produce ESI as .tiffs with load files as long as production of such

4  documents or information in .tiff format will not substantially alter the appearance

5  (other than color) or ability to review the substantive information of the documents.

6  The parties agree to meet and confer on further production details and to reasonably

7  accommodate one another's requests for production of certain documents in native

8  format, such as financial information in native Excel format, to facilitate use by

9  each party and their experts.

10  c.  The parties agree to serve privilege logs by 45 days before the close of fact

11  discovery.   However, either party may at any time move to compel the production

12  of documents withheld on the basis of a privilege or work product objection if the

13  party believes the withholding improper.   The parties further agree not to log any

14  documents or information that post-date the filing of the complaint, except as

15  required by Patent L.R. 3-7.   Fed. R. Civ. P. 26(f)(3)(D).   The parties further

16  agree that all privilege logs will include the following information:

17      (1)    the identity of any attorneys who appear on the document;

18      (2)    the identity of all persons who sent or received the document or communication;

19

20      (3)    if known, the date the document was prepared or generated, and for correspondence or communications, the date the document was sent and received;

21

22      (4)    the general subject matter addressed in the document or communication;

23      (5)    number of pages, if known;

24      (6)    the specific privilege or reason it is being withheld.

25  d.  The parties agree that the inadvertent production or disclosure of privileged or

26  otherwise protected materials shall not be deemed per se a waiver or impairment of

27  any claim of privilege or protection.   Fed. R. Civ. P. 26(b)(5)(B) shall govern the

28

1           procedures for assertion of privilege on inadvertently produced privileged

2           documents.

3     e.      Expert discovery will be limited pursuant to Fed. R. Civ. P. 26(b)(4).

4     <u>Electronic Service</u>

5     The parties agree to serve all discovery requests, deposition notices, motions and other

6 pleadings and papers, except where impracticable for document productions, by email to the

7 opposing counsel as follows:

8     Plaintiff:

9     SymantecAcronisTeam@quinnemanuel.com

10     Defendant:

11     Fish_Sym-Acronis_Service@fr.com

12     E-mailing PDF documents to the e-mail addresses recited above by 11:59 PM Pacific Time

13 on a given day shall constitute valid hand service on that day pursuant to Fed. R. Civ. P. 5, such

14 that 3 days need not be added under Fed. R. Civ. P 6(d).   The parties agree that if a party elects to

15 serve a document using a method of service other than e-mail, the serving party also will email the

16 other party a PDF copy of the document on the same day the document is served.   Exhibits or

17 other documents too voluminous to be sent practicably by email may be served by overnight

18 courier.

19     **Changes to Federal Rules of Civil Procedure**

20     <u>Depositions</u>

21     ***Symantec's Position***:   Both sides may take up to one hundred hours of deposition

22 testimony of the other party, which shall include testimony taken pursuant to Federal Rule of Civil

23 Procedure 30(b)(6).

24     ***Acronis's Position:***   Each side can take up to the following total number of hours of fact

25 depositions: 21 hours multiplied by the total number of patents asserted by both parties.   Of this

26 number, Fed. R. Civ. P 30(b)(6) depositions will be limited to up to 7 hours multiplied by the total

27 number of asserted patents.   Each side can distribute the hours within this total number to any

28 patent as it wishes.   Depositions taken pursuant to Fed. R. Civ. P. 30(a)(1) are limited to seven

1   hours per witness.   Expert depositions are excluded from the above limit and are limited to seven

2   hours of deposition testimony per report or declaration.

3            ***Parties' Agreed Upon Positions:***   If any expert serves a supplemental report or

4   declaration introducing new subject matter, then that expert be deposed for up to additional seven

5   hours on the new material addressed in that supplemental report or declaration.

6            As to both fact and expert witness depositions, the parties agree that no party may engage

7   in discovery conduct that is unduly burdensome or harassing in nature.   This agreement does not

8   prevent either party from seeking leave of court to exceed these agreed-upon limits for good cause

9   shown.   The above limitations, to both fact and expert depositions, can be modified by agreement

10   of the parties or further order of the Court.

11            <u>Other Changes</u>

12            The parties do not anticipate the need to modify any other discovery limitations provided

13   by the FRCPs.   In the event that any party decides that a modification of the discovery limitations

14   provided by the FRCPs is necessary they will meet and confer in good faith before requesting

15   relief from the Court.

16            <u>Protective Order</u>

17            The Parties anticipate the need for a protective order in this case and will work together to

18   draft a stipulated protected order for this Court's approval covering any confidential or sensitive

19   information which may be raised during discovery.   Fed. R. Civ. P. 26(f)(3)(F).

20            <u>Proposed Schedule</u>

21            ***Symantec's Position***: Acronis's proposed schedule is premature because it has not alleged

22   any counterclaims at this time.   Nevertheless, to the extent Acronis does assert counterclaims of

23   patent infringement in this action, all parties should prepare disclosures and briefs in accordance

24   with the schedule below, which accords with the Patent Local Rules.

25

| | |
|---|---|
| Disclosure of Asserted Claims | March 9, 2012 (Patent L.R. 3-1) |
| Disclosure of Invalidity Contentions | April 23, 2012 (Patent L.R. 3-3) |
| Proposed Terms for Claim Construction | May 7, 2012 (Patent L.R. 4-1) |

28

| Preliminary Claim Construction | May 28, 2012 (Patent L.R. 4-2) |
|---|---|
| Joint Claim Construction and Pre-hearing statement | June 22, 2012 (Patent L.R. 4-3) |
| Complete Claim Construction Discovery | July 23, 2012 (Patent L.R. 4-4) |
| Opening Claim Construction Briefs Due | August 6, 2012 (Patent L.R. 4-5) |
| Responsive Claim Construction Briefs Due | August 20, 2012 (Patent L.R. 4-5) |
| Reply Claim Construction Briefs Due | August 27, 2012 (Patent L.R. 4-5) |
| Claim Construction Hearing | ~ September 10, 2012 (Patent L.R. 4-6) |

**Acronis's Position:**   Because Acronis intends to file infringement counterclaims, Acronis proposes a schedule that adds separate deadlines for the infringement and invalidity contentions on the patents asserted by Acronis.

| | Symantec's Proposed Schedule | Acronis's Proposed Schedule |
|---|---|---|
| Symantec's First Amended Complaint (assuming MTD is granted with leave to amend) | | March 23, 2012 |
| Disclosure of Asserted Claims on Patents Asserted by Symantec | March 9, 2012 (Patent L.R. 3-1) | March 9, 2012 |
| Acronis's Answer to Symantec's First Amended Complaint and Counterclaims | | April 9, 2012 |
| Disclosure of Invalidity Contentions on Patents Asserted by Symantec | April 23, 2012 (Patent L.R. 3-3) | April 23, 2012 |
| Disclosure of Asserted Claims on Patents Asserted by Acronis | | May 21, 2012 |
| Disclosure of Invalidity Contentions on Patents Asserted by Acronis | | July 5, 2012 |
| Proposed Terms for Claim Construction | May 7, 2012 (Patent L.R. 4-1) | July 19, 2012 |
| Preliminary Claim Construction | May 28, 2012 (Patent L.R. 4-2) | August 9, 2012 |
| Joint Claim Construction and Pre-hearing statement | June 22, 2012 (Patent L.R. 4-3) | September 4, 2012 |
| Complete Claim Construction Discovery | July 23, 2012 (Patent L.R. 4-4) | October 4, 2012 |
| Opening Claim Construction Briefs Due | August 6, 2012 (Patent L.R. 4-5) | October 19, 2012 |
| Responsive Claim Construction Briefs Due | August 20, 2012 (Patent L.R. 4-5) | November 2, 2012 |

| Reply Claim Construction Briefs Due | August 27, 2012 (Patent L.R. 4-5) | November 16, 2012 |
| Claim Construction Hearing | ~ September 10, 2012 (Patent L.R. 4-6) | November 30, 2012 |

Format of Claim Construction Hearing

**Symantec's Position:** Symantec anticipates that the Claim Construction Hearing will be a full day hearing, depending on the number of disputed claim terms.   Symantec does not believe that live testimony is necessary, but it will offer a tutorial to educate the Court on the technology at issue in this case.   Symantec anticipates using a PowerPoint presentation during its claim construction presentation.

**Acronis's Position:**    Acronis is hopeful that the parties will be able to reasonably narrow whatever disputes exist concerning claim construction and that the Claim Construction Hearing can be completed in ½ of a day.   At the Hearing, Acronis anticipates that it will provide a tutorial and may use a PowerPoint presentation.    Acronis has not yet determined whether it will need live testimony at the claim construction hearing but reserves the right to rely upon deposition testimony as to any factual issues.   Acronis proposes that the claim construction hearing proceed claim term by claim term with the patentee on the respectively asserted patents presenting its proposed construction first unless the patentee does not believe the claim term requires construction, in which case the accused infringer would present it proposed construction first. Acronis also proposes that the parties split their time evenly unless they agree on a different arrangement closer to the claim construction hearing.

9.    **Class Actions**:   This case is not a class action.

10.    **Related Cases**:   There are no related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.    **Relief**:

**Symantec's Position**

Symantec seeks money damages for past infringement and a permanent injunction against future infringement.

1    ***Acronis's Position***

2         Acronis is currently a defendant in this case and seeks costs of suit and attorneys' fees

3    because this case is exceptional under 35 U.S.C. § 285.   After Acronis files its infringement

4    counterclaims against Symantec, Acronis will seek damages for past infringement and a

5    permanent injunction against future infringement.

6         12.    **Settlement and ADR**:   To date, the Parties have not engaged in settlement

7    discussions.   The Parties remain open to the possibility of settlement.   The parties also filed the

8    ADR Certifications and a Stipulation selecting private mediation by JAMS within two weeks of

9    the Court's claim construction order as the ADR process on February 3, 2012.

10        13.    **Consent to Magistrate Judge For All Purposes**:   The parties do not consent to a

11   Magistrate Judge for all purposes.

12        14.    **Other References**:   This case is not suitable for reference to binding arbitration, a

13   special master, or the Judicial Panel on Multidistrict Litigation.

14        15.    **Narrowing of Issues**:

15        ***Symantec's Position***

16        Symantec anticipates filing summary judgment motions in this case.

17        ***Acronis's Position***

18        On January 6, 2012, Acronis filed a motion to dismiss Symantec's allegations of induced

19   and contributory infringement for failure to state a claim to narrow the issues down to plausible

20   claims.   [Dkt. No. 28.]   Acronis anticipates filing summary judgment motions, including of

21   invalidity and non-infringement, to narrow the issues further.

22        16.    **Expedited Trial Procedure**:   The Expedited Trial Procedure of General Order

23   No. 64 is not applicable to this case.

24        17.    **Scheduling**:   The parties' proposed schedule is set forth under Section 8 above.

25        18.    **Trial**:   This case will be tried to a jury.   The parties estimate that the time required

26   for trial will be 10 court days.

27        19.    **Disclosure of Non-party Interested Entities or Persons**:   Symantec has filed the

28   "Certificate of Interested Entities or Persons" as required by Civil Local Rule 3-16.   On January

6, 2012, Acronis filed its Certification of Interested Entities or Persons as required by Civil Local Rule 3-16.   (Dkt. No. 29.)

      20.    **Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter**.   The parties do not foresee any other issues affecting the status or management of this case.

DATED: February 16, 2012          QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Jennifer Kash*
      Jennifer Kash
      *Attorney for Plaintiff Symantec Corporation*

DATED: February 16, 2012          FISH & RICHARDSON

By:  */s/ Jerry T. Yen*
      Jerry T. Yen
      *Attorney for Defendant Acronis, Inc.*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SIGNATURE ATTESTATION

Pursuant to General Order No. 45(X)(B), I hereby certify that concurrence in the filing of this document has been obtained from each of the other signatories shown above.

_/s/_    _Kate E. Cassidy_