Frank E. Scherkenbach (SBN 142549/scherkenbach@fr.com)
Steven R. Katz (*Pro Hac Vice*/katz@fr.com)
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210
Telephone: (617) 542-5070/Facsimile: (617) 542-8906

Thomas L. Halkowski (*Pro Hac Vice*/halkowski@fr.com)
Warren K. Mabey, Jr. (*Pro Hac Vice*/mabey@fr.com)
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
Telephone: 302-652-5070/Facsimile: 302-652-0607

John W. Thornburgh (SBN 154627/thornburgh@fr.com)
Jason W. Wolff (SBN 215819/wolff@fr.com)
Alex E. Eaton-Salners (SBN 239750/eaton-salners@fr.com)
Olga I. May (SBN 232012/omay@fr.com)
Alexandr Gelberg (SBN 279989/gelberg@fr.com)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, California 92130
Telephone: (858) 678-5070/Facsimile: (858) 678-5099

Jerry T. Yen (SBN 247988/yen@fr.com)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070/Facsimile: (650) 839-5071

Attorneys for Defendant Acronis, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Symantec Corp.,<br><br>            Plaintiff,<br><br>v.<br><br>Acronis, Inc.,<br><br>            Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 3:11-cv-05310 EMC<br><br>**DEFENDANT ACRONIS, INC.'S ANSWER TO FIRST AMENDED COMPLAINT FOR INFRINGEMENT OF U.S. PATENT NOS. 7,565,517 AND 7,266,655; DECLARATORY JUDGMENT COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**Honorable Edward M. Chen** |

Defendant Acronis, Inc. ("Acronis") hereby files its Answer ("Answer") to Plaintiff Symantec Corporation ("Symantec")'s First Amended Complaint for Patent Infringement of U.S. Patent Nos. 7,565,517 ("the '517 patent") and 7,266,655 ("the '655 patent") ("the Complaint"), filed on March 2, 2012.[1]

This Answer is based on Acronis's knowledge as to its own activities, and upon information and belief as to the activities of others. The numbered paragraphs herein correspond to the like-numbered paragraphs of the Complaint, to the extent applicable. Acronis denies each and every allegation contained in the Complaint that is not expressly admitted below. Any factual allegation admitted below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that may arguably follow from the admitted facts. Acronis denies that Symantec is entitled to the relief requested or any other.

**INTRODUCTION**

1. Acronis admits, based solely on the allegations of the Complaint and without admitting them as true, that the Complaint purports to allege Acronis's infringement of Symantec's '517 and '655 patents (collectively, "the Asserted Patents") and to seek remedies therefor. Acronis denies that it has infringed or is now infringing any valid claim of the Asserted Patents.

**PARTIES**

2. Acronis admits that Symantec states that Symantec is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 350 Ellis Street, Mountain View, California 94043.

3. Acronis admits that Acronis is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 300 Trade Center, Suite 6700,

---

[1] Symantec originally filed its Complaint in *Symantec v. Acronis*, Case No. 11-CV-05310 ("the 05310 case") on November 1, 2011, asserting U.S. Patents Nos. 7,565,517 ("the '517 patent"), 7,093,086 ("the '086 patent"), 6,615,365 ("the '365 patent"), 7,266,655 ("the '655 patent") and 7,322,010 ("the '010 patent"). On March 2, 2012, Symantec filed a First Amended Complaint in the 05310 case, asserting only the '517 and '655 patents. [05310 case, Dkt. No. 54.] Also on March 2, Symantec filed *Symantec v. Acronis*, Case No. 12-CV-01062 ("the 01062 case"), asserting the '086, '365, and '010 patents. On March 9, 2012, on a stipulated request, the 05310 and 01062 cases were consolidated on a schedule setting Acronis's Answer deadline on the '517 and '655 patents for March 16, 2012, and the Answer deadline on the '086, '365, and '010 patents for March 23, 2012. [05310 case, Dkt. Nos. 56-58.]

Elm Street, Woburn, Massachusetts 01801. Acronis denies the remaining allegations in paragraph 3.

## JURISDICTION AND VENUE

4. Acronis admits, based solely on the allegations of the Complaint and without admitting them as true, that the Complaint purports to allege an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. 101, *et seq.,* and that this Court has subject matter jurisdiction over such action pursuant to 28 U.S.C. 1331 and 1338(a). Acronis denies that it has infringed or is now infringing any valid claim of the Asserted Patents.

5. Acronis admits, for the purposes of this action only, that this Court has personal jurisdiction over Acronis; and that Acronis has designated an agent for service of process in the State of California. Acronis denies the remaining allegations in paragraph 5.

6. Acronis denies the allegations in paragraph 6.

## INTRADISTRICT ASSIGNMENT

7. Acronis admits allegations in paragraph 7.

## FACTUAL BACKGROUND

**Symantec's History[2]**

8. Acronis lacks sufficient knowledge to admit or deny the allegations in paragraph 8 and therefore denies these allegations.

9. Acronis lacks sufficient knowledge to admit or deny the allegations in paragraph 9 and therefore denies these allegations.

10. Acronis lacks sufficient knowledge to admit or deny the allegations in paragraph 10 and therefore denies these allegations.

11. Acronis lacks sufficient knowledge to admit or deny the allegations in paragraph 11 and therefore denies these allegations.

---

[2] Acronis repeats the headings in the Complaint solely for convenience purposes and without admitting their truth.

12. Acronis lacks sufficient knowledge to admit or deny the allegations in paragraph 12 and therefore denies these allegations.

13. Acronis lacks sufficient knowledge to admit or deny the allegations in paragraph 13 and therefore denies these allegations.

14. Acronis lacks sufficient knowledge to admit or deny the allegations in paragraph 14 and therefore denies these allegations.

**Symantec's Patents-in-Suit**

15. Acronis lacks sufficient knowledge to admit or deny the allegations in paragraph 15 and therefore denies these allegations.

16. Acronis lacks sufficient knowledge to admit or deny the allegations in paragraph 16 and therefore denies these allegations.

17. Acronis lacks sufficient knowledge to admit or deny the allegations in paragraph 17 and therefore denies these allegations.

**Acronis' History**

18. Acronis admits that it was incorporated in Delaware in 2002 and is headquartered in Woburn, Massachusetts. Acronis denies the remaining allegations in paragraph 18, because, in part, the allegations are vague and Acronis lacks sufficient knowledge to admit or deny them.

19. Acronis denies the allegations in paragraph 19 because, in part, the allegations are vague and Acronis lacks sufficient knowledge to admit or deny them.

20. Acronis denies the allegations in paragraph 20.

21. Acronis denies the allegations in paragraph 21.

**Acronis Infringes Symantec's Patents[3]**

22. Acronis denies that it has infringed or is now infringing any valid claim of the Asserted Patents. Acronis lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 22 and therefore denies these allegations.

---

[3] As stated above, Acronis repeats this heading for convenience purposes only and denies that it has infringed or is now infringing any valid claim of the Asserted Patents.

23. Acronis admits that on November 2, 2011, Symantec served on Acronis its complaint in *Symantec v. Acronis,* Case No. 11-CV-05310, with copies of documents that, on their face, purported to be the Asserted Patents. Acronis denies the remaining allegations in paragraph 23.

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,565,517**

24. Acronis incorporates by reference its responses contained in the preceding paragraphs of this Answer.

25. Acronis admits that a copy of the document purporting on its face to be the '517 patent, entitled "Retargeting a Captured Image to New Hardware While in a Pre-Boot Environment" issued on July 21, 2009, is attached as Exhibit 1 to the Complaint. Acronis lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 27 and therefore denies these allegations.

26. Acronis lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 26 and therefore denies these allegations.

27. Acronis denies the allegations in paragraph 27.

28. Acronis denies the allegations in paragraph 28.

29. Acronis denies the allegations in paragraph 29.

30. Acronis denies the allegations in paragraph 30.

**COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 7,266,655**

31. Acronis incorporates by reference its responses contained in the preceding paragraphs of this Answer.

32. Acronis admits that a copy of the document purporting on its face to be the '655 patent, entitled "Synthesized Backup Set Catalog" issued on September 4, 2007, is attached as Exhibit 2 to the Complaint. Acronis lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 32 and therefore denies these allegations.

33. Acronis lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 33 and therefore denies these allegations.

34. Acronis denies the allegations in paragraph 34.

35. Acronis denies the allegations in paragraph 35.

36. Acronis denies the allegations in paragraph 36.

37. Acronis denies the allegations in paragraph 37.

**AFFIRMATIVE DEFENSES**

38. By way of further answer, Acronis states as follows. By asserting the affirmative defenses below, Acronis does not waive any unstated defenses. Discovery has barely started. Acronis presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Accordingly, Acronis reserves all available affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

**First Affirmative Defense**

**Noninfringement of the Asserted Patents**

62. Acronis does not infringe and has not infringed (either directly, contributorily, or by inducement, whether literally or under the doctrine of equivalents) any valid or enforceable claim of the Asserted Patents.

**Second Affirmative Defense**

**Invalidity of the Asserted Patents**

63. Each asserted claim of the Asserted Patents is invalid for failure to comply with one or more of the requirements of 35 U.S.C. § 101 *et seq.*, including, without limitation, §§ 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.

**Third Affirmative Defense**

**Prosecution History Estoppel**

64. Symantec is estopped, based on statements, representations, admissions, and omissions made during prosecution of the patent applications resulting in the Asserted Patents, and

during prosecution of any related patent applications, from asserting any interpretation of any of the patent claims that would be broad enough to cover any of alleged infringement by Acronis.

### Fourth Affirmative Defense

### Failure to Mark

65. Upon information and belief, as may be shown after a reasonable opportunity for further investigation and discovery, Symantec's claims for relief concerning the Asserted Patents are limited by failure to comply with the marking and notice requirements of 35 U.S.C. § 287(a) and failure to provide actual or implied notice of the patent-in-suit prior to the filing of the Complaint. By presenting this defense, Acronis is not admitting, and in fact expressly denies, that Symantec is entitled to any relief whatsoever.

### Fifth Affirmative Defense

### Limitation on Damages

66. Symantec's recovery for alleged infringement of the Asserted Patents, if any, is limited to any alleged infringement committed no more than six years prior to the filing of its Complaint, pursuant to 35 U.S.C. § 286.

### Sixth Affirmative Defense

### Government Sales

67. Upon information and belief, as may be shown after a reasonable opportunity for further investigation and discovery, Symantec's remedies are limited under 28 U.S.C. § 1498(a).

### Seventh Affirmative Defense

### Exhaustion

68. Symantec's claims for relief are barred in whole or in part by the doctrine of patent exhaustion.

### Eighth Affirmative Defense

### Adequate Remedy at Law

69. Symantec's claims for injunctive relief are barred because, among other things, any alleged injury to Symantec is not immediate or irreparable, and Symantec has an adequate remedy at law.

### Ninth Affirmative Defense

### Unenforceability

70. The Asserted Patents are unenforceable and Symantec's claims against Acronis are barred, in whole or in part, by the doctrines of waiver, unclean hands, equitable estoppel, laches, and/or other equitable defenses.

### Tenth Affirmative Defense

### 35 U.S.C. § 288

71. Symantec is barred by 35 U.S.C. § 288 from recovering costs associated with its action.

## COUNTERCLAIMS

1. Acronis, Inc. ("Acronis") incorporates herein by reference its responses and statements contained in all the preceding paragraphs of its Answer. Defendant-Counterclaimant Acronis brings this action against Plaintiff-Counterdefendant Symantec Corporation ("Symantec"), pursuant to Rule 13 of the Federal Rules of Civil Procedure, for a declaratory judgment of invalidity and noninfringement of U.S. Patent Nos. 7,565,517 ("the '517 patent") and 7,266,655 ("the '655 patent," collectively "the Asserted Patents"). For its Counterclaims against Symantec, Acronis alleges, based upon personal knowledge as to all acts or events that it has undertaken or witnessed, and upon information and belief as to all others, as follows:

## PARTIES

2. Acronis is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 300 Trade Center, Suite 6700, Elm Street, Woburn, Massachusetts 01801.

3. On information and belief, Symantec is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 350 Ellis Street, Mountain View, California 94043.

## JURISDICTION AND VENUE

4. These Counterclaims are for a declaratory judgment of invalidity and noninfringement of the Asserted Patents. Based on Symantec's filing of this suit and Acronis's affirmative defenses, a true, actual, and justiciable controversy has arisen and now exists between Symantec and Acronis regarding the validity and alleged infringement of the Asserted Patents. This Court has subject matter jurisdiction over the matters pleaded herein under 28 U.S.C. §§ 1331, 1338, Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the Patent Act of the United States, 35 U.S.C. § 101, *et seq.*, including, but not limited to, §§ 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

5. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c) and 1400(b) because, among other reasons, Symantec has brought its Complaint for patent infringement of the

Asserted Patents in this Court and because Symantec is subject to personal jurisdiction in this judicial district.

## CLAIMS FOR RELIEF

### FIRST DECLARATORY JUDGMENT COUNTERCLAIM

### Declaratory Judgment of Invalidity of the '517 Patent

6. Acronis hereby incorporates by reference the allegations in the preceding paragraphs of these Counterclaims and Answer.

7. Each asserted claim of the '517 patent is invalid under the Patent Act, 35 U.S.C. § 101, *et seq.*, including, but not limited to, §§ 102, 103, and/or 112 and the rules, regulations, and laws pertaining thereto.

8. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Acronis requests the Court's declaration that the '517 patent is invalid.

9. This is an exceptional case entitling Acronis to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### SECOND DECLARATORY JUDGMENT COUNTERCLAIM

### Declaratory Judgment of Non-Infringement of the '517 Patent

10. Acronis hereby incorporates by reference the allegations in the preceding paragraphs of these Counterclaims and Answer.

11. Acronis has not infringed and is not now infringing any valid claim of the '517 patent, either directly, contributorily, or through inducement, literally or by equivalents.

12. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Acronis requests the Court's declaration that Acronis does not infringe and has not infringed, either directly, contributorily, or through inducement, literally or by equivalents, any valid claim of the '517 patent.

13. This is an exceptional case entitling Acronis to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### THIRD DECLARATORY JUDGMENT COUNTERCLAIM

#### Declaratory Judgment of Invalidity of the '655 Patent

14. Acronis hereby incorporates by reference the allegations in the preceding paragraphs of these Counterclaims and Answer.

15. Each asserted claim of the '655 patent is invalid under the Patent Act, 35 U.S.C. § 101, *et seq.*, including, but not limited to, §§ 102, 103, and/or 112 and the rules, regulations, and laws pertaining thereto.

16. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Acronis requests the Court's declaration that the '655 patent is invalid.

17. This is an exceptional case entitling Acronis to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### FOURTH DECLARATORY JUDGMENT COUNTERCLAIM

#### Declaratory Judgment of Non-Infringement of the '655 Patent

18. Acronis hereby incorporates by reference the allegations in the preceding paragraphs of these Counterclaims and Answer.

19. Acronis has not infringed and is not now infringing any valid claim of the '655 patent, either directly, contributorily, or through inducement, literally or by equivalents.

20. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Acronis requests the Court's declaration that Acronis does not infringe and has not infringed, either directly, contributorily, or through inducement, literally or by equivalents, any valid claim of the '655 patent.

21. This is an exceptional case entitling Acronis to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### **PRAYER FOR RELIEF**

WHEREFORE, Acronis prays that this Court enter judgment and provide relief as follows:

(a) That Symantec's Complaint be dismissed with prejudice;

(b) That Symantec take nothing by reason of its Complaint;

  (c) That Symantec's Asserted Patents and all of their claims be adjudged invalid;

  (d) That Symantec's Asserted Patents and all of their claims be adjudged not infringed by Acronis;

  (e) That Symantec, and all persons acting on its behalf or in concert with it, be permanently enjoined and restrained from charging, orally or in writing, that the Asserted Patents are infringed by Acronis or its customers, directly or indirectly;

  (f) That this case, including Symantec's prosecution of its claims, be declared exceptional and Acronis be awarded its costs, expenses, and reasonable attorneys' fees in this action pursuant to 35 U.S.C. § 285; and

  (g) That Acronis be awarded such other equitable or legal relief as this Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Acronis demands a jury trial on all issues so triable.

Dated:  March 16, 2012        Respectfully Submitted,

                 FISH & RICHARDSON P.C.

                 By: */s/ Olga I. May*
                    Frank E. Scherkenbach
                    (SBN 142549/scherkenbach@fr.com)
                    Thomas L. Halkowski
                    (Pro Hac Vice pending/halkowski@fr.com)
                    John W. Thornburgh
                    (SBN 154627/thornburgh@fr.com)
                    Jason W. Wolff
                    (SBN 215819/wolff@fr.com)
                    Steven R. Katz (Pro Hac Vice pending/
                    katz@fr.com)
                    Alex E. Eaton-Salners (SBN 239750/eaton-
                    salners@fr.com)
                    Olga I. May (SBN 232012/omay@fr.com)
                    Jerry T. Yen (SBN 247988/yen@fr.com)
                    Warren K. Mabey, Jr.
                    (Pro Hac Vice pending/mabey@fr.com)
                    Alex Gelberg
                    (SBN 279989/gelberg@fr.com)

                  Attorneys for Defendant
                  Acronis, Inc.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 16, 2012 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

*/s/ Olga I. May*
Olga I. May