Jennifer A. Kash (Bar No. 203679)
jenniferkash@quinnemanuel.com
Eric E. Wall (Bar No. 248692)
ericwall@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

John W. Thornburgh (SBN 154627/thornburgh@fr.com)
Jason W. Wolff (SBN 215819/wolff@fr.com)
Olga I. May (SBN 232012/omay@fr.com)
Alex Gelberg (SBN 279989/gelberg@fr.com)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, California 92130
Telephone: (858) 678-5070/Facsimile: (858) 678-5099

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| SYMANTEC CORPORATION,<br><br>    Plaintiff-Counterclaim Defendant,<br><br>vs.<br><br>ACRONIS, INC. and ACRONIS INTERNATIONAL GMBH<br><br>    Defendants-Counterclaimants.<br><br>AND RELATED COUNTERCLAIMS | Case No. 3:11-cv-05310 EMC (consolidated for all purposes with Case No. CV12-01062 PSG)<br><br>SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT<br><br>Date:    6/15/2012<br>Time:    10:30 a.m.<br>Courtroom:    Room 5, 17th Floor<br>Judge:    Hon. Edward M. Chen<br><br>Trial Date:    None Set |

    Attorneys for Symantec Corporation ("Symantec") and Acronis, Inc. and Acronis International GmbH (collectively "Acronis") respectfully submit this supplemental Case Management Statement pursuant to the Court's April 17, 2012 order.  Dkt. No. 68.  In an effort to reduce the issues identified herein, the parties have agreed to meet and confer on Wednesday, June 20, 2012, at 1 p.m. ET/10 am PT.  If any of the issues below are eliminated, the parties will promptly advise the court via a joint supplement to this statement.

**PROCEDURAL HISTORY**

At the last Case Management Conference, the Court ordered that Acronis International GmbH be named as a defendant in this case by party stipulation. (Dkt. 68.) Symantec amended its complaint on May 9, 2012 to add Acronis International GmbH as a defendant. (Dkt. 74.) Acronis filed its answer to that amended complaint on May 23, 2012. (Dkt. 78.) This case concerns five Symantec patents and two Acronis patents all related to backup and recovery software technology. The Court has approved a schedule for this case. (Dkt. 57.) With this statement, the parties provide the Court with a report on the current status of this case.

**I.     JURISDICTION AND SERVICE**

All the parties in this case have now been served. Symantec served Acronis International GmbH with the relevant pleadings and initiating documents for this case on May 10, 2012 (Symantec Ex. 1) and the Wavier of Service of Summons on May 11, 2012. (*See* Symantec Ex. 10).

Acronis GmbH did not receive copies of the Waiver of Service of Summons with the documents Symantec served on May 10, or on May 11. When Symantec re-sent a Waiver of Service of Summons form on June 5, 2012, Acronis GmbH executed and returned the form on the same date. (Symantec Ex. 3.) Acronis, Inc.'s counsel had also previously stipulated to the acceptance of service on behalf of Acronis GmbH. Acronis GmbH filed an Answer on May 23, 2012.

**II.    MOTIONS**

<u>Prior Motions</u>

Acronis's Motion to Dismiss (Dkt 28) was denied, subject to clarifications made by Symantec's counsel in response to questioning from the Court at the February 23, 2012 hearing and CMC. (Dkt 51.)

Symantec's unopposed Motion to Relate and Consolidate (Dkt 56) was granted (Dkt 58).

Pending Motions

1. **Symantec filed a motion to strike Acronis's Ninth Affirmative Defense of Unenforceability.** (Dkt. 82)  Acronis's opposition is due June 27, 2012 and Symantec's reply is due July 5, 2012.   The hearing on this motion is scheduled for July 20, 2012 at 1:30 p.m.

*Symantec's Position:*

Despite the parties best efforts to resolve this issue without motion practice, the parties could not because at the last minute Acronis conditioned its offer to amend its pleading on Symantec agreeing to waive its rights to address the sufficiency of Acronis's pleading at any later date and for Symantec to agree to make certain changes to its pleadings – changes that Acronis refused to identify or describe with particularity so that Symantec could consider the request. (Symantec Ex. 11).   Given that the parties could not reach agreement, Symantec filed its motion to strike.

*Acronis's Position:*

Symantec filed this motion despite Acronis' offer, from the beginning of the meet-and-confer process, to discuss a *mutual* amendment of equitable defenses, which are currently alleged with the same level of specificity by both sides.   [*Cf.* Dkt. No. 69 ¶ 62; Dkt. No. 78 ¶ 55.]   Acronis proposed that both sides amend these defenses to comply with the current pleading standard.   [Acronis Ex. A, June 13, 2012 email from May to Cassidy.]   Symantec chose to file a motion instead.

After receipt of Symantec's motion, Acronis requested that Symantec agree to move the hearing on the motion to August 10, because Acronis's counsel is not available, due to health issues, for a hearing on July 20.

1  2. **Symantec anticipates filing a motion to relate and consolidate this case for the purposes of discovery with another case that may be transferred to this jurisdiction from the District of Delaware.** (*See* Dkt. 67.)

*Symantec's Position*

On March 23, 2012 Acronis and Acronis Int'l filed complaint against Symantec in the District of Delaware (the "Delaware Complaint"). Symantec believes that this case should be transferred to the Northern District of California. The forum chosen by Acronis appears to have no connection with the parties, other than being the state of incorporation of Acronis, Inc. and Symantec. Furthermore, the patents at issue have the same inventors and similar issues (for purposes of, at a minimum, discovery) as the instant case.

*Acronis's Position*

The claims in the complaint for *Acronis International GmbH and Acronis, Inc. v. Symantec Corporation*, Case No. 12-cv-372, filed on March 23, 2012 in Delaware ("the DE action") are ***not*** related to the present case, and its consolidation would unnecessarily expand the present action and confuse the issues. The claims brought by Acronis in the DE action concern IT security, whereas the present action concerns backup and recovery software. The accused products, claim construction, (non)infringement, (in)validity, and damages analyses will be entirely different for the Delaware case. In addition, Delaware is a proper and convenient forum because, among other things, Acronis, Inc. and Symantec are both incorporated there and, in at least one other action in Delaware, Symantec has already litigated issues concerning its IT security products for several years. For these reasons, among others, Acronis has opposed Symantec's motion to transfer in Delaware.

On June 11, 2012, Symantec moved to amend its Answer and Counterclaims in the DE action. In an apparent attempt to manufacture a link between the DE security software action and this backup and recovery action,

|   |   |
|---|---|
| 1 | Symantec seeks to add five patents concerning backup and recovery, bringing the |
| 2 | total number of the DE patents to eight.   Because Symantec argued that California |
| 3 | is a more convenient forum, Acronis offered to stipulate to Symantec's amendment |
| 4 | adding the five backup and recovery patents to this California action, so that they |
| 5 | could be litigated where the backup and recovery litigation is already on-going here |
| 6 | in the Northern District of California.   [Acronis Ex. B, June 4, 2012 email fr May |
| 7 | to Cassidy.]   Symantec refused to accept Acronis's offer.   Acronis will oppose |
| 8 | Symantec's motion to amend in Delaware.   Symantec's motion to transfer and |
| 9 | Symantec's motion to amend are currently pending before the DE court. |

3. **Symantec also anticipates filing a motion for a protective order.**

*Symantec's Position*

The parties have been trying to negotiate a proposed protective order for this case but now seem to be at an impasse on two issues regarding source code and the procedure for disclosing information to experts.   (*See* Symantec Ex. 4.)   Symantec had originally proposed that the parties be allowed to make copies of sections of the other side's hard copy source code production that was necessary for use as exhibits at trial, in depositions, or attached to court papers or expert reports in the litigation.   (*See* Symantec Ex. 4.)   Acronis wanted a broader proposal that permitted it to make as many copies as it thought were necessary for the preparation of its case.   *Id.*   When Symantec disagreed, Acronis stated that it would interpret the limitations on source code copies broadly and would make as many copies of Symantec's hard copy source code production as it wanted.   With that representation, Symantec was concerned that Acronis would not adequately protect Symantec's highly confidential source code and so revised the protective order such that no copies of a party's hard-copy source code production can be made without the other side's permission.   (Symantec Ex. 4 at 17.)   Symantec also proposes that the source code be kept in a locked location and any access to the source code be maintained on a log.

The parties also disagree about the procedure for approving or objecting to the disclosure of certain confidential information to experts. Symantec believes that the parties should disclose the identity of each person or entity the expert has worked for in the past 5 years. Acronis contends that this disclosure requirement be limited to any work done in the field of backup and recovery.

***Acronis's Position***

Symantec's motion for a protective order is unnecessary because the issues Symantec apparently intends to raise are either already addressed in the current draft—and had been before the June 6 call on this issue—or can be resolved through meeting and conferring. The summary of the parties' June 6 call, drafted by Symantec's counsel, does not correctly reflect the statements made during the call. Acronis originally proposed that each party be allowed to make additional copies of the source code only as necessary for use as exhibits at trial; court filings; pleadings; or other papers, including expert reports; depositions; and "as otherwise necessary for the preparation of its case." [Acronis Exs. C - D, draft Stip. Prot. Order[1] sent to Sym. on June 5, 2012 at 17:19-23.] Acronis's proposed provision also mandated that all copies would be maintained so as to prevent duplication or unauthorized access, and destroyed if no longer in use. [*Id.*] Prior to the June 6, 2012 call, Symantec deleted the "as otherwise necessary for the preparation of its case" provision, and after the call deleted all provisions allowing copies for exhibits at trial; court filings, pleadings, expert reports, and depositions. These changes effectively limit the available copy to potentially one and deny all reasonable use for any activity that is essential to the litigation, such as exhibits, filings, pleadings, expert reports, and depositions. Such restrictions are excessive and unnecessary.

---

[1] This draft is attached only to show the status of the draft provided by Acronis to Symantec at the time of the parties' June 6 conference. Some of the provisions of the draft have since been revised, in part as a result of the conference.

1   Symantec's proposed restrictions on making necessary printed copies are all
2   the more unnecessary, in part, because Acronis has never opposed, and in fact
3   always included in its drafts, provisions regarding keeping source code in a secure
4   location and maintaining a log of access or possession. [*See, e.g.,* Acronis Ex. C;
5   Ex. D at 17:9-14; 17:15-17.] This protective order will govern access to the source
6   code provided by both Symantec and Acronis. Although Acronis is no less
7   protective about its code than Symantec, Acronis believes that access provisions
8   should be sufficiently reasonable to accommodate the parties' legitimate litigation
9   needs.

10   Because this case concerns only backup and recovery software, Acronis
11   believes it would be unnecessary and too burdensome to also disclose all of the
12   experts' work during the past 5 years outside the backup and recovery field. The
13   draft protective order already requires the experts to identify any professional
14   services provided to Symantec or Acronis. [Acronis Ex. D ¶ 7.4(a).] Acronis will
15   agree to a provision requiring that the code may not be disclosed to any employee
16   of Symantec or Acronis.

17   Acronis remains open and willing to meet and confer with Symantec further
18   on reasonable and mutually acceptable provisions governing access to the parties'
19   source code.

20   **III.   DISCLOSURES**

21   *Symantec's Position*

22   Symantec asks the Court to order Acronis International GmbH to serve its initial
23 disclosures and to order Acronis, Inc. to amend its initial disclosures.
24   Acronis International GmbH filed patent infringement counterclaims in this case against
25 Symantec on April 4, 2012. (Dkt. 65.) Acronis International GmbH should have served its
26 initial disclosures no later than May 4, 2012. Fed. R. Civ. P. 26(a)(1)(D). Symantec asked for
27 these disclosures on May 22, 2012 (Symantec Ex. 5) and again via email on June 1, 2012.
28 (Symantec Ex. 2.) Acronis International GmbH still has not served its initial disclosures.

1   Acronis, Inc's disclosures are deficient.   Acronis does not identify any individual likely to
2 have discoverable information which is required by Rule 26(a)(1)(A)(i) of the Federal Rules of
3 Civil Procedure.   Instead, Acronis just listed itself as one of the entities likely to have
4 discoverable information.   Acronis was also required to list what relevant documents it has in its
5 possession, custody and control pursuant to Rule 26(a)(1)(a)(ii).   But Acronis did not comply
6 with that provision either.   Instead Acronis made an equivocal disclosure stating *inter alia:*
7   To the extent Acronis has any in its custody or control, documents and things relating to
8   the accused products, including research and design documents, operational and functional
9   specifications, and prototypes.
10   To the extent Acronis has any in its custody or control, documents relating to the
11   marketing and sales of the accused products
12 (Symantec Ex. 6.)   This disclosure does not satisfy Acronis's obligation under the Federal Rules
13 of Civil Procedure.   Symantec asked Acronis to meet and confer about these deficiencies, but to
14 date Acronis has not responded to that request.
15   ***Acronis's Position***
16   Both Acronis, Inc. is serving its Second Supplemental Initial Disclosures and Acronis
17 International GmbH is serving its Initial Disclosures on June 15, 2012.   Each set of the Initial
18 Disclosures names specific witnesses regarding research, development, and engineering of the
19 Acronis accused products, sales and marketing of the Acronis accused products, conception and
20 reduction to practice of the inventions claimed in the Acronis asserted patents, and the prosecution
21 counsel.
22   Each set of the Initial Disclosures also lists, pursuant to Rule 26(a)(1)(a)(ii), the relevant
23 documents each Acronis entity has in its possession, custody or control.   To the extent
24 Symantec's meet-and-confer correspondence attempted to expand this requirement and demand
25 that Acronis identify the locations of its documents, Acronis notes that neither side listed the
26 physical locations for the documents, nor is that required.   The common practice is to produce
27 materials for delivery to counsel's offices.
28

## IV. DISCOVERY

### A. Current Status of Discovery

- Symantec disclosed its infringement contentions on March 9, 2012
- Acronis disclosed its infringement contentions on April 20, 2012.
- Acronis made its invalidity disclosures on May 7, 2012.
- Symantec served its invalidity contentions on June 4, 2012.
- Both sides have exchanged a number of written requests for discovery.
- Symantec produced 12,475 pages to Acronis on Friday June 15, 2012 and anticipates producing additional documents responsive to Acronis's document requests within the next week; and
- Acronis will produce additional documents responsive to Symantec's document requests on a rolling basis as they are reviewed and prepared for production.

### B. Outstanding Discovery Issues

**Limit on the Number of Interrogatories**

Symantec asks the Court to limit the number of interrogatories in this case to 25 per side. When Symantec and Acronis, Inc. agreed to limit the number of interrogatories to 25 per party in their first joint case management statement, Acronis International GmbH was not a party to this case. While the Federal Rules of Civil Procedure permit 25 interrogatories per party, even in cases where there are multiple defendants, each party typically has relevant information to disclose. In this case, however, counsel for Acronis has represented a number of times to Symantec and the Court that Acronis, Inc. has limited, if any, information relevant to the claims and defenses in this case and that Acronis Inc is not a proper party to this litigation. *See e.g.* Dkt. No. 67. If Acronis's counsel is correct and Acronis, Inc. does not have information relevant regarding any claims or defenses in this case, then Acronis, Inc. has no relevant information responsive to Symantec's interrogatories. Therefore, Acronis, Inc. and Acronis International GmbH would get the benefit 50 interrogatory responses from Symantec whereas Symantec would only obtain meaningful responses to 25 interrogatory responses from Acronis International GmbH.

-9- Case No. 3:11-cv-05310 EMC
SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT

Based on Acronis's June 15, 2012 representations, Acronis appears to now consent to Symantec's request such that the parties are limited to 25 interrogatories per side. However, neither Acronis, Inc. nor Acronis GmbH has not indicated whether it intends to withdraw certain interrogatories as a result of this limitation.

Symantec sent Acronis a proposal on June 6, 2012 regarding the number of interrogatories permitted in this case and how the parties should deal with interrogatories that contain multiple subparts. (Symantec Ex. 7.) That proposal addressed not only Symantec's concern about the number of interrogatories per side but Acronis's interrogatories that contain multiple sub-parts. (*See e.g.* Symantec Ex. 8 at 8.) To date, Acronis has not responded to Symantec's attempt to resolve the issues regarding interrogatories with multiple subparts.

*Acronis's Position*

Acronis has no objection to limiting the number of interrogatories to 25 per side. Acronis is willing to meet and confer on Symantec's objection to the interrogatories that purportedly have multiple sub-parts. Acronis notes that many of Symantec's own interrogatories have multiple subparts or are compound, and that Acronis has made a similar objection. As it has with other such issues, Acronis proposes that any modifications to the scope of interrogatories that are the subject of similar objections should be mutual.

**Motion to Compel Interrogatory Responses from Acronis**

In the event that the parties cannot resolve the issue prior to the Case Management Conference, Symantec intends to ask the Court to compel a complete answer to Symantec's Interrogatory No. 1 (from Acronis International GmbH) and Interrogatory No. 11 (from Acronis, Inc.) pursuant to Federal Rule of Civil Procedure 37(a)(3)(B)(iii). Symantec's interrogatory to both entities was the same:

> Explain every basis for contending that Acronis International GmbH, and not Acronis, Inc., is a properly named defendant in the above captioned case (Dkt. 67), including an explanation of which entity has ever made, used, sold, offered for sale the accused instrumentalities and the time period in which it did so.

Acronis responded to that interrogatory by making certain objections and stating that "Acronis International GmbH has sold the products Symantec has accused in this action since their release date." That answer does not provide Acronis's basis for representing to Symantec and the Court that Acronis International GmbH is a properly named defendant in this case and Acronis, Inc. is not. See Dkt. 67 at 4, Symantec Ex. 1 at 2, Symantec Ex. 6. Even though Acronis states below that it has not made a formal contention in this case regarding the status of Acronis, Inc. and Acronis GmbH, Symantec disagrees and notes that this contention was discussed at length during meet and confers, is reflected in Acronis's correspondence on this issue, and is contained in Acronis's section of the April 6, 2012 Case Management Statement. *See e.g.* Dkt. 67, Symantec Ex. 1 at 2 (March 15, 2012 email from K. Cassidy summarizing the parties meet and confer where Acronis contended that Acronis, Inc. is not the correct defendant and that Acronis GmbH is the proper defendant and O. May's March 16 email stating that Acronis was considering filing a motion to dismiss Symantec's complaint against Acronis, Inc. for lack of subject matter jurisdiction); Dkt. 67, Symantec Ex. 6 (March 20, 2012 letter from O. May stating that "Symantec named the wrong defendant, Acronis, Inc." and that "Acronis GmbH [is] the proper defendant.") Nevertheless, the fact remains that Acronis has not stated, in response to Symantec's interrogatory which entity made, used, sold, or offered for sale the Acronis accused products and in what time periods.

Ever since Acronis first informed Symantec on March 2, 2012 that Symantec had named the "wrong defendant" in this litigation, Symantec has tried to understand the basis for that contention so that it can plan for discovery and serve its discovery requests on the correct entity. But Symantec has been unable to get a straightforward answer from Acronis regarding the status of the defendants in this case.

Symantec outlined the confusion surrounding which Acronis entity is the proper defendant in this case in the April 6, 2012 joint case management statement.  See Dkt 67.  Acronis, Inc.'s initial disclosures fail to resolve this confusion as they do not state what relevant information Acronis, Inc. possesses and will produce in discovery.  Symantec Ex. 6.  Despite joining this case on April 4, 2012, Acronis GmbH has not yet made its initial disclosures required under the Federal Rules of Civil Procedure and so Symantec does not know what discoverable information it has.  (Although Symantec notes that Acronis will apparently make its disclosures today on June 15, 2012).

Therefore, in an effort to determine the categories of information that each entity has, Symantec served Acronis, Inc. and Acronis GmbH with an interrogatory asking Acronis to explain basis for contending that Acronis International GmbH, and not Acronis, Inc., is a properly named defendant in the above captioned case.  As explained above, the Acronis entities' responses that Acronis GmbH has sold the accused products since their release is inconsistent with their previous statements about the status of each defendant.  For example, on a meet and confer on March 14, 2012, Acronis stated that Acronis, Inc. "recently stopped selling the accused infringing products in the United States."  Dkt. 67, Ex. 1 at 4.  In the April 6, 2012 Case Management Statement, Acronis stated that Acronis, Inc. "stopped selling products in 2009."  Dkt. 67 at 7.  But now, in response to Symantec's interrogatories, Acronis makes no mention of when Acronis, Inc. stopped selling the accused products.  Ex. 17 and 13.

If the parties cannot reach agreement regarding supplementation of the aforementioned interrogatories before the case management conference, Symantec intends to ask the Court at the June 22, 2012 case management conference to compel the defendants to provide a complete, verified response to Symantec's Interrogatory No. 1 (from Acronis International GmbH) and

Interrogatory No. 11 (from Acronis, Inc.) pursuant to Federal Rule of Civil Procedure 37(a)(3)(B)(iii).

### *Acronis's Position*

Acronis fully responded to Symantec's interrogatory as it was drafted. Symantec has failed to cite Acronis's entire response. Acronis has objected to the phrase "contending that Acronis International GmbH, and not Acronis, Inc., is a properly named defendant" as vague, ambiguous, and inaccurate. [Symantec's Ex. 17.] Acronis has made no formal "contention" in this case that "Acronis International GmbH, and not Acronis, Inc., is a properly named defendant." Acronis merely informed Symantec, as soon as Acronis's counsel found out, that it was Acronis GmbH and not Acronis, Inc. that has sold the accused products. In that sense, Acronis GmbH would seem to be the most appropriate party to respond to Symantec's allegations. As Acronis, Inc. stated in the previous CMC Statement, "at no point did Acronis, Inc. demand a substitution of Acronis GmbH in its own place, refuse to comply with its discovery obligations, or seek to create any other risk to Symantec [Dkt. No. 67 at 7:24-26.]

Therefore in response to Symantec's interrogatory, as drafted by Symantec, requesting to "[e]xplain every basis for contending that Acronis International GmbH, and not Acronis, Inc., is a properly named defendant in the above captioned case," Acronis could only confirm that Acronis GmbH has sold the accused products since their release date – which was the reason Acronis identified in the first place as to why Acronis GmbH appeared to be the most appropriate party to respond to Symantec's allegations. [Symantec's Ex. 17.] Acronis will also supplement this response in compliance with Fed. R. Civ. P. 33(d) by producing sufficient relevant non-privileged information in its possession or control that can be located after a reasonable search. [*Id.*] Acronis is, of course, willing to meet and confer on this issue.

As stated above, Symantec's complaints about initial disclosures are moot because Acronis, Inc. is supplementing its Initial Disclosures, and Acronis GmbH is serving its Initial Disclosures, on June 15, 2012.

**ESI Discovery Plan**

*Symantec's Position*

Symantec asks the Court to adopt Symantec's proposed ESI discovery plan which is attached as Exhibit 9. On May 16, 2012 Symantec sent Acronis this proposed ESI discovery plan to review. *See id*. Symantec asked Acronis on June 1, 2012 whether it had any comments to Symantec's ESI proposal. (*See* Symantec Ex. 2.) Only in the last day has Acronis responded with its comments to that proposal. Symantec will consider Acronis's proposal and be prepared to discuss any outstanding issues at the June 22, 2012 conference.

*Acronis's Position*

Acronis's counsel is completing its review of the most recent Symantec's proposed ESI discovery plan with the client, but does not anticipate further changes of significance. In the interim, Acronis has gone ahead and provided its changes to Symantec's proposed plan on June 14, 2012 and is prepared to meet and confer on any remaining issues.

**Acronis's Request for Guidance Re Symantec's Failure to Produce Key Documents**

*Acronis's Position*

Acronis repeatedly requested from Symantec, through correspondence and as part of a meet-and-confer call on April 27, 2012, a production of the documents listed below prior to the due date for Acronis's invalidity contentions. These documents are relevant to Acronis's invalidity contentions. Symantec refused to make this production within the requested timeframe and has not produced these documents to date.

A. All patent applications cited on the face of Symantec's Asserted Patents and all documents related to such applications, including, but not limited to, the actual applications, file histories, communications with the USPTO, and any prior art cited during the prosecution of those applications. These documents fall within the scope of several Acronis's Requests for Production, including at least Nos. 13, 24, 26, and 36-40;
B. All references reviewed or considered in connection with the preparation or prosecution of the applications that led to the Asserted Patents as requested, for example, in Requests for Production No. 12, 36, 40, 44;
C. All documents related to the embodying products (including those released before the claimed priority dates of the Asserted Patents), as requested, for example, in Requests for Production No. 18-19, 49-54, 57, Interrogatories No. 2, 6, 10;

      D. All documents related to the disclosure to a third party, sale or offer for sale, or public use (including those that took place before the claimed priority dates of the Asserted Patents) of the claimed inventions or similar products, as requested, for example, in Requests for Production No. 20, 52, 48, and Interrogatory No. 2.

[*See, e.g.,* Acronis Ex. E, May 22, 2012 email fr May to Cassidy.]   Acronis remains willing to meet and confer on this issue further.

### Symantec's Position

Symantec did not refuse to produce these documents.   In fact, Symantec offered to prioritize the production of certain information that Acronis was interested in if Acronis made a reasonable and focused request for certain discovery.   (Symantec Ex. 16).   But the document requests listed in Acronis's May 22, 2012 email are not reasonably focused requests and appear to be new requests for production that do not match Acronis's previous requests for production. (*See id.*).   As Symantec explained in its May 24, 2012 letter and to the extent Acronis wants Symantec to produce documents in response to these four new document requests, Symantec asked Acronis to propound these requests in the format required by the Federal Rules of Civil Procedure.   Acronis has not responded to Symantec's May 24, 2012 letter.

### **Acronis's Request for Guidance Re Symantec's Failure to Produce Key Prior Art**

### *Acronis's Position*

Acronis repeatedly requested, beginning on June 6, that Symantec produce, as required by Patent L.R. 3-4(b), "copies or samples" of the software cited as prior art in Symantec's June 4 invalidity contentions: Backup Exec 9.0 and 8.5.   To date, Symantec has agreed to make this software available for inspection but has refused to produce copies or make it available for copying.   Symantec owns this software and has not identified any reason for withholding copies from production.   By comparison, Acronis produced copies of the software it cited as prior art with its invalidity contentions, and was disappointed not to see the same courtesy from Symantec. [*See, e.g.,* Acronis Ex. F, June 14, 2012 letter.]

This request for copies is separate from the source code inspection which will include these products but will be conducted under Patent L.R. 3-2(e) of Symantec's embodying products.   For prior art, Symantec relied on the copies of the software itself and not its source code, and Acronis

1 is entitled to examine and test these copies.

*Symantec's Position*

As required by the Patent Local Rules and explained in Symantec's June 6, 2012 letter, Symantec agreed to make the BackUp Exec 9.0 and BackUp Exec. 8.5 products available for inspection. (Symantec Ex. 12). In light of Acronis's recent request for the production of these products, Symantec will produce these products to Acronis next week. Further, to the extent Acronis wants copies of the source code for those products, such printouts will be governed by the protective order that the parties are negotiating and will be entered in this case. (*Id.*).

**Depositions**

*Symantec's Position*

Symantec asks the Court to permit both sides may take up to one hundred hours of deposition testimony, which shall include testimony taken pursuant to Federal Rule of Civil Procedure 30(b)(6). Acronis's position is unduly complicated and does not take into account the overlap amongst the subject matter of the patents, the overlap as to witnesses having knowledge relevant to different infringement claims, and the similarity of the accused products. The issue for determining the number of deposition hours should be the scope of the case, not the exact number of patents. One hundred hours of fact discovery is more than contemplated by the Federal Rules of Civil Procedure and is ample time for completing the necessary deposition discovery in this matter.

*Acronis's Position*

As Acronis proposed in each previous CMC Statement, each side can take up to the following total number of hours of fact depositions: 21 hours multiplied by the total number of patents asserted by both parties. Of this number, Fed. R. Civ. P 30(b)(6) depositions will be limited to up to 7 hours multiplied by the total number of asserted patents. Each side can distribute the hours within this total number to any patent as it wishes. Depositions taken pursuant to Fed. R. Civ. P. 30(a)(1) are limited to seven hours per witness. Expert depositions are excluded from the above limit and are limited to seven hours of deposition testimony per report or declaration.

1    Acronis's proposal is very straightforward and based on Symantec's own original
2 proposal, stated in the first CMC Statement.  At the time, Symantec proposed 100 hours for a 5-
3 patent case, which came down to roughly 20 hours per patent.  Acronis simply pro-rated that
4 proposal for a now 7-patent case, using 21 hours as a mark (for ease of calculating 7-hour
5 depositions provided by Rule 30).

6    ***Parties' Agreed upon Positions***

7    If any expert serves a supplemental report or declaration introducing new subject matter,
8 then that expert can be deposed for up to additional seven hours on the new material addressed in
9 that supplemental report or declaration.

10   As to both fact and expert witness depositions, the parties agree that no party may engage
11 in discovery conduct that is unduly burdensome or harassing in nature.  This agreement does not
12 prevent either party from seeking leave of court to exceed these agreed-upon limits for good cause
13 shown.  The above limitations, to both fact and expert depositions, can be modified by agreement
14 of the parties or further order of the Court.

15   **Format of Claim Construction Hearing**

16   The parties anticipate that the Claim Construction Hearing may take up to a full day,
17 depending on the number of disputed claim terms.  The parties do not at this point believe that
18 live testimony will be necessary, but plan to offer a tutorial to educate the Court on the technology
19 at issue in this case.  The parties anticipate using a PowerPoint presentation during their claim
20 construction presentations.

21   ***Symantec's Position***

22   Pursuant to Patent L.R. 2-1(a)(3) Symantec proposes that Symantec present its proposed
23 constructions for all disputed terms in Symantec's asserted patents.  Acronis will then respond to
24 Symantec's claim-construction presentation.  After that, Acronis will present its proposed
25 construction for all disputed terms in Acronis asserted patents.  Symantec will then respond to
26 Acronis's claim-construction presentation.

27
28

*Acronis's Position*

Acronis proposes that the parties proceed claim term by claim term with the patentee on the respectively asserted patents presenting its proposed construction first unless the patentee does not believe the claim term requires construction, in which case the accused infringer would present it proposed construction first.   The parties will split their time evenly unless they agree on a different arrangement closer to the claim construction hearing.

V.     **RELATED CASES**:

*Symantec's Position*

Symantec contends that the Delaware Complaint – Acronis International GmbH and Acronis, Inc. v. Symantec Corporation, Civil Action No. 12-cv-372 – is related to the above captioned case.   As explained above, Symantec intends to move to transfer Case No. 12-cv-372 to this district and if that motion is granted, Symantec intends to file a motion to relate and consolidate Case No. 12-cv-372 with this case for the purposes of discovery.

*Acronis's Position*

As explained above, the DE action is not related to the present action because the cases concern different technology and will require different claim construction, (non-)infringement and (in)validity analyses, and discovery.   In addition, a motion for transfer to the Northern District of California is likely to be denied because both Acronis and Symantec are incorporated in Delaware.

DATED: June 15, 2012                    QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Jennifer Kash*
Jennifer Kash
*Attorney for Plaintiff Symantec Corporation*

DATED: June 15, 2012                    FISH & RICHARDSON

By:    /s/ *Olga I. May*
Olga I. May
*Attorney for Defendants Acronis, Inc. and Acronis International GmbH*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SIGNATURE ATTESTATION**

Pursuant to General Order No. 45(X)(B), I hereby certify that concurrence in the filing of this document has been obtained from each of the other signatories shown above.

                                                            _/s/ Kate E. Cassidy_