Jennifer A. Kash (Bar No. 203679)
jenniferkash@quinnemanuel.com
Eric E. Wall (Bar No. 248692)
ericwall@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Attorneys for Plaintiff-Counterclaim Defendant Symantec Corporation

John W. Thornburgh (SBN 154627/thornburgh@fr.com)
Jason W. Wolff (SBN 215819/wolff@fr.com)
Olga I. May (SBN 232012/omay@fr.com)
Alex Eaton-Salners (SBN 239750/eaton-salners@fr.com)
Alex Gelberg (SBN 279989/gelberg@fr.com)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, California 92130
Telephone:  (858) 678-5070
Facsimile:   (858) 678-5099

Attorneys for Defendants-Counterclaimants Acronis, Inc. and Acronis International GmbH

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYMANTEC CORPORATION,<br><br>　　　　Plaintiff-Counterclaim Defendant,<br><br>　　vs.<br><br>ACRONIS, INC. and ACRONIS INTERNATIONAL GMBH<br><br>　　　　Defendants-Counterclaimants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 3:11-cv-05310 EMC (consolidated for all purposes with Case No. CV12-01062 PSG)<br><br>**STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS; [PROPOSED] ORDER** |

1.     PURPOSES AND LIMITATIONS

　　Disclosure and discovery activity in this action are likely to involve production of

confidential, proprietary, or private information for which special protection from public

disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 and General Order 62 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.      DEFINITIONS

2.1     Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL – SOURCE CODE".

2.5     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as

a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:  extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8     "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items:  extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9     House Counsel:  attorneys who are employees of a party to this action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.12    Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.16    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information:  (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.      <u>DESIGNATING PROTECTED MATERIAL</u>

    5.1      <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

    If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

    5.2      <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

    Designation in conformity with this Order requires:

        (a)      <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL – SOURCE CODE]) to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

      (b)      for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted.  When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order.  Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

      Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only

authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an Exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(b)      for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL – SOURCE CODE".  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3      Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1      Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file and serve a motion to challenge confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General Order 62, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  The Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.      ACCESS TO AND USE OF PROTECTED MATERIAL

7.1      Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner[1] that ensures that access is limited to the persons authorized under this Order.

7.2      Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)      the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)      the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)      Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment

---

[1]   It may be appropriate under certain circumstances to require the Receiving Party to store any electronic Protected Material in password-protected form.

STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS

and Agreement to Be Bound" (Exhibit A) and their employees or staff to whom disclosure is reasonably necessary for this litigation and who have signed Exhibit A;

(d)     the court and its personnel;

(e)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed Exhibit A;

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(h)     Any other person with the prior written consent of the Producing Party.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)     Experts of the Receiving Party and their employees or staff (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a), below, have been followed;

(c)     the court and its personnel;

(d)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed Exhibit A;

(e)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(f)     Any other person with the prior written consent of the Producing Party; and

(g)     shall not be made available to any person who was or is an employee, agent, officer, director, or consultant of or to the Receiving Party, including Symantec Corporation, Acronis, Inc., or Acronis International GmbH or any predecessors or successors (merged, acquired or otherwise) parents, divisions, subsidiaries, associated organizations, joint ventures, and affiliates thereof.

7.4     Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts.

(a)  Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"  or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity for the past 5 years for whom the Expert has provided professional services or from whom the Expert received compensation or funding, including in connection with litigation, (6) identifies all of the Expert's patents and pending patent applications in which the

Expert is an inventor, assignee, or holds a financial interest; (7) identifies all source code relevant to this litigation in  which the Expert holds a financial interest, and (8) identifies any professional services provided by the expert or any of his staff to Symantec, Acronis, Inc., or Acronis International GmbH or any predecessors or successors (merged, acquired or otherwise), parents, divisions, subsidiaries, associated organizations, joint ventures, and affiliates thereof

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General Order 62, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8.     <u>PROSECUTION BAR</u>

Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or any "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved in the prosecution of patents or patent applications relating to backup and recovery software, including, without limitation, the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").  For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.  To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte reexamination or inter partes reexamination).  This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final termination of this action.

9.     <u>SOURCE CODE</u>

(a)     A Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b)     Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, including the Prosecution Bar set forth in Paragraph 8, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed.

(c)     The Receiving Party shall provide five (5) business days' notice prior to commencing an inspection.  The Receiving Party shall restrict its inspection to a reasonable number of days, from 9:00 a.m. to 5:00 p.m., or as otherwise agreed by the parties.

1            (d)      A list of names of persons who will view the source code will be provided

2    to the Producing Party in conjunction with any written (including email) notice requesting

3    inspection.

4            (e)      Any source code produced in discovery shall be made available for

5    inspection in a format through which it could be reasonably reviewed and searched at an office of

6    the Producing Party's counsel or another mutually agreed upon location.  The parties agree to meet

7    and confer in good faith on a location reasonably convenient for both sides, including taking into

8    consideration the location and convenience of each other's experts.  The source code shall be

9    made available for inspection on a secured computer in a secured room without Internet access or

10   network access to other computers ("Source Code Computer"), as necessary and appropriate to

11   prevent and protect against any unauthorized copying, transmission, removal or other transfer of

12   any source code outside or away from the computer on which the source code is provided for

13   inspection.  The parties agree to meet and confer if more than one Source Code Computer is

14   necessary to maximize the efficiency of the inspection.  The Receiving Party shall not copy,

15   remove, or otherwise transfer any portion of the source code onto any recordable media or

16   recordable device.  The Producing Party shall be entitled to have a person observe all entrances

17   and exits from the source code viewing room. The Producing Party may also visually monitor the

18   activities of the Receiving Party's representatives during any source code review, but only to

19   ensure that there is no unauthorized recording, copying, or transmission of the source code.

20           (f)      The Producing Party shall install such tools or programs that are reasonably

21   necessary to review and search the code produced on the platform produced.  The Receiving Party

22   may request that additional review tools and programs be added to the Source Code computer, and

23   the Providing Party may not unreasonably refuse to install such additional tools and programs.  If

24   the Receiving Party wants to use other tools or programs, the Receiving Party must provide the

25   software and proof that it is licensed.  The Receiving Party's outside counsel and/or expert shall be

26   entitled to take notes relating to the source code but may not copy substantial portions of the

27   source code into the notes.  For purposes of this provision, fifteen or more lines of code is

28   "substantial.  No copies of all or any portion of the source code may leave the room in which the

source code is inspected except as otherwise provided herein.  Further, no other written or electronic record of the source code is permitted except as otherwise provided herein.

The Producing Party shall allow the Receiving Party to create files on the Source Code Computer as necessary for the Receiving Party's analysis, for example in a separate directory on the Source Code Computer to be established by the Producing Party.  The Producing Party agrees that it will not review, analyze, share, distribute, or use the files created by the Receiving Party except as stated herein.  Acronis has asserted that such files created by Acronis's representatives will contain work product or other protected information.  Acronis does not waive such protection by leaving the files on Symantec's computer or by agreeing to have them reviewed by a third party as stated herein.  Without agreeing with that assertion, Symantec acknowledges that such a claim has been made and agrees not to review, analyze, share, distribute, or use the files created by the Receiving Party unless permitted to do so by the Court, and further agrees that Acronis has not waived any protection afforded these files, including due to a neutral third party review or the files location on Symantec's computer. The Producing Party has the right to have a neutral third party ("Neutral Party") review the electronic note files made by the Receiving Party on the Source Code Computer to ensure that the note files created by the Receiving Party are consistent with all other provisions and are subject to and receive the applicable protections conferred by the Protective Order.  If the Producing Party elects to have a Neutral Party review the electronic note files made by the Receiving Party, the Receiving Party is not permitted to take those electronic note files with them at the conclusion of the inspection.  The parties will immediately meet and confer about the scope and content of the review that is to be conducted by the Neutral Party and on the timing and procedure for making these files available to the Receiving Party.[2]  Both parties reserve the right

---

[2]   At a minimum, Symantec has requested that the Neutral Party identify (1) How many pages of notes are contained within electronic notes and files created by the Receiving Party, (2) Excluding attorney notations, how many lines of source code in total are contained in electronic notes and files created by the Receiving Party, and (3) How many segments of source code within the electronic notes and files created by the Receiving Party contain 2 or more lines of code.

(footnote continued)

STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS

to raise additional issues regarding the timing and procedure for making these files available to the Receiving Party after the third-party review is complete.  All expenses associated with the Neutral Party review shall be paid for by the party requesting the review.  The parties may request relief from the Court pursuant to Section 4 of Judge Chen's Standing Order on Discovery if they are unable to agree on the timing and procedure for making these files available to the Receiving Party and the parameters of the Neutral Party review.

(g)     Subject to the other provisions of this Protective Order, the Receiving Party may bring with it to the secure offices a cell phone and laptop computer.  The Receiving Party is permitted to take notes on the laptop computer but shall not be permitted to include any of the Producing Party's Source Code or Source Code comments in any such notes.  The Receiving Party may include references to the file, function, or object name and line number(s) of code, and such references will not be considered Source Code or Source Code comments.  Inclusion of any Source Code or Source Code comments in any such notes constitutes a violation of the protective order.  If the Receiving Party represents that the notes on the laptop comply with this provision, such notes are agreed to contain work-product and not be subject to any third-party review.

(h)     The Producing Party shall produce to the Receiving Party printed copies of requested files contained on the Producing Party's Source Code Computer under the following terms and conditions:

(1)     The Receiving Party may request, in total, up to 500 pages of hard (non electronic) copies of those portions of source code that it, in good faith, considers necessary to the preparation of its case.  For good cause shown, the Receiving Party may request an additional 500 pages of hard (non electronic) copies of those portions of source

_____

Acronis has already advised that it will agree that the neutral third party may convey to the Producing Party whether or not these note files contain any portion of the produced code that is 14 lines or greater in length, as already required by paragraph 9(f).  Acronis is prepared to meet and confer re further details as long as no work product information is conveyed without making the showing required by Rule 26(b)(3).  Acronis also requested that a "line" of code be defined as a line of actual code, and any lines that contain only code comments or whitespace, but not code, be excluded from the count.

code that it, in good faith, considers necessary to the preparation of its case. Notwithstanding the foregoing, a receiving Party may not request a hard copy of more than 20 consecutive pages of source code absent express permission of the producing Party or an order from the Court.  A "page" for the purposes of this limitation will be defined as an 8.5 x 11" sheet of paper with 12 point font.  This consecutive page limitation will not preclude any Party from seeking additional consecutive pages for good reason.  If any dispute arises concerning the number of consecutive pages, the producing Party and receiving Party shall meet and confer in good faith to attempt to resolve this dispute without the Court's involvement.  The Producing Party shall provide all such source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE."

(2)     A request for printed copies of files shall include, on a file-by-file basis, the complete file path associated with each file.  If additional information is required to uniquely identify the requested files, then the request shall include, on a file-by-file basis, such additional information;

(3)     A party may request multiple versions or revisions of the same file, but the requesting party must specify the exact dates or the exact numbers for each version or versions sought.  The Producing Party and the Receiving Party shall cooperate in identifying the precise files which are sought;

(4)     The Producing Party shall have three (3) business days in which to object in writing as to the extent or relevance of the requested printout(s). If no such objection is made, the Producing Party shall produce a copy of the printout(s) to the Reviewing Party pursuant to the terms of Paragraph 7.3.  If objection is made, the parties shall meet and confer within three (3) business days in a good faith attempt to resolve the objection. If the objection is not resolved, the Producing Party shall have five (5) business days after the expiration of the meet and confer period (i.e., eight (8) business days from the date of the request) in which to file a motion for relief from production of the

printout(s) that are the subject of the objection. The printout(s) shall be retained by the Producing Party, and not produced, pending the Court's resolution of the motion.

(5)     Any copy of a Source Code file (in electronic or paper form) shall be marked and designated as "HIGHLY CONFIDENTIAL-SOURCE CODE," and the Receiving Party must keep the printed copy of Source Code in a locked location to prevent duplication of or unauthorized access to the source code.  Any source code designated "HIGHLY CONFIDENTIAL-SOURCE CODE," shall be disclosed and disseminated only to the individuals identified in Paragraph 7.3.  The Producing Party shall clearly identify the file path of the underlying file as well as an additional information required to uniquely identify the underlying file on any printed copy of a Source Code file.

(i)     Unless otherwise agreed in advance by the parties in writing, following each inspection, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, laptops, and all other materials from the room that may contain work product and/or attorney-client privileged information.  The Producing Party shall not be responsible for any items left in the room following each inspection session.

(j)     The Producing Party shall provide to the Receiving Party five copies of hard (non-electronic) copies of source code.  No additional copies of hard (non-electronic) copies of source code or portions of source code shall be made without the agreement of the producing Party, regardless of whether such source code was initially produced in hard-copy format or whether such hard copies were made pursuant to the preceding sub-Paragraph.  A party may request additional hard copies of portions of the code only as needed for use at depositions, hearings, trial, or court filings.  The Receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the source code is used.  To the extent portions of source code are quoted in a Source Code Document, either (1) the entire document will be stamped and treated as HIGHLY CONFIDENTIAL-SOURCE CODE or (2) those pages containing quoted source code will be separately bound, and stamped and treated as HIGHLY CONFIDENTIAL-SOURCE CODE.

(k)     The Receiving Party shall maintain a log of any individual who has inspected any portion of the source code in electronic or paper form.  The log shall include the dates and times of any access, all printed or electronic copies of the source code that are delivered by the Receiving Party to any qualified person and the names of the recipients of copies and locations where the copies are stored.  The log shall be provided by the Receiving Party to the Producing Party upon request.

(l)     The Receiving Party shall maintain all paper copies of any printed portions of the source code and all electronic files that contain source code in a manner that prevents duplication of or unauthorized access to the source code, for example, in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format.  All paper copies shall be securely destroyed if they are no longer in use (e.g., unmarked and/or spare copies at the conclusion of a deposition).

10.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a)     promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

       (c)       cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[3]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11.    <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

       (a)       The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL – SOURCE CODE". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

       (b)       In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non- Party not to produce the Non-Party's confidential information, then the Party shall:

       (1)       promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

---

[3]    The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return,

sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved.  The Parties may promptly present the information to the court under seal for a determination of the claim.  The producing party must preserve the information until the claim is resolved.

14.    <u>MISCELLANEOUS</u>

14.1    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3    <u>Filing Protected Material.</u> Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and General Order 62. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5 and General Order 62, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) and General Order 62 is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

15.    <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

-22-

summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: June 28, 2012                                     QUINN EMANUEL URQUHART &
                                                         SULLIVAN


                                                         By:  _/s/ Jen A. Kash_____

                                                         Jennifer A. Kash (Bar No. 203679)
                                                         jenniferkash@quinnemanuel.com
                                                         Eric E. Wall (Bar No. 248692)
                                                         ericwall@quinnemanuel.com
                                                         QUINN EMANUEL URQUHART &
                                                         SULLIVAN, LLP
                                                         50 California Street, 22nd Floor
                                                         San Francisco, California 94111
                                                         Telephone: (415) 875-6600
                                                         Facsimile: (415) 875-6700

                                                         David A. Nelson
                                                         davenelson@quinnemanuel.com
                                                         Robert R. Cleary, Jr.
                                                         robertcleary@quinnemanuel.com
                                                         Aaron Perez-Daple
                                                         aaronperezdaple@quinnemanuel.com
                                                         QUINN EMANUEL URQUHART &
                                                         SULLIVAN, LLP
                                                         500 West Madison Street, Suite 2450
                                                         Chicago, IL 60661
                                                         Telephone: (312) 705-7400
                                                         Facsimile: (312) 705-7401

Case No. 3:11-cv-05310 EMC
STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS

1

2          Kate Cassidy
           katecassidy@quinnemanuel.com
3          QUINN EMANUEL URQUHART &
           SULLIVAN, LLP
           51 Madison Avenue, 22nd Floor
4          New York, NY 10010
           Telephone: (212) 849-7000
5          Facsimile: (212) 849-7100

6
           Attorneys for Plaintiff-Counterclaim-Defendant
7
           Symantec Corporation
8

9    DATED: June 28, 2012          FISH & RICHARDSON P.C.
                                   By: _/s/ Olga I. May_____
10

11         John W. Thornburgh
           Jason W. Wolff
12         Alex Eaton-Salners
           Olga I. May
13         Aleksandr Gelberg

14         FISH & RICHARDSON P.C.
15         12390 E. Camino Real
           San Diego, California 92130
16
           Frank E. Scherkenbach
17         Steven R. Katz
           FISH & RICHARDSON P.C.
18         225 Franklin Street
19         Boston, MA 02110-2804
           617-542-5070
20         Fax: 617-542-8906

21         Thomas L. Halkowski
22         Warren Keith Mabey , Jr.
           FISH AND RICHARDSON P.C.
23         222 Delaware Avenue
           17th floor
24         P.O. Box 1114
           Wilmington, DE 19899-1114
25         302-778-8407
           Fax: (302) 652-0607
26

27         Jerry T. Yen
           FISH & RICHARDSON P.C.
28         500 Arguello Street, Suite 500

                         -24-         Case No. 3:11-cv-05310 EMC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Redwood City, CA 94063
(650) 839-5070
Fax:  (650) 839-5071Attorneys for
Defendants-Counterclaimants Acronis, Inc. and
Acronis International GmbH

Case No. 3:11-cv-05310 EMC
STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE
CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS

1

### <u>ORDER</u>

2

PURSUANT TO STIPULATION, IT IS SO ORDERED.

3

4

DATED: _____July 2, 2012_____

5



6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 3:11-cv-05310 EMC
STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE
CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____[print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I

have read in its entirety and understand the Stipulated Protective Order that was issued by the

United States District Court for the Northern District of California on [date] in the case of

_____ **[insert formal name of the case and the number and**

**initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of

this Stipulated Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will

not disclose in any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as my

California agent for service of process in connection with this action or any proceedings related to

enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____
                      [printed name]

Signature: _____
                   [signature]