IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYMANTEC CORPORATION,<br><br>                    Plaintiff,<br><br>     v.<br><br>ACRONIS CORPORATION,<br><br>                    Defendant. | Case No.: 11-5310 EMC (JSC)<br><br>**FURTHER ORDER RE: JOINT DISCOVERY LETTER BRIEFS (Dkt. No. 113, 115)** |

Pending before the Court is the parties' Joint Discovery Letter Brief regarding Plaintiff's request to compel certain discovery responses from Defendant and Defendant's request to quash Plaintiff's objection to certain of Defendant's experts. (Dkt. No. 113, 115.) The Court previously ordered the parties to meet and confer in person on the disputes set forth in Docket No. 113. The parties did so, and on the record before the Court on October 4, 2012 they set forth their agreements as to most of the disputes.

The Court ruled on the remaining issues as follows.

First, Plaintiff shall have 10 hours over one day to take each inventor's deposition. The Court understands that the parties have agreed to the location and approximate date of these depositions.

Second, the parties shall submit a Joint Discovery Letter with regard to Defendant's assertion that it does not have control over, and is not required to produce, fact witnesses employed in Russia by a separate Acronis entity.

Third, before any discovery dispute is submitted to this Court, the parties shall meet and confer in person. The meet and confer shall occur in the Northern District of California unless the parties agree otherwise. At the end of the meet and confer conference, and before any party has departed, the parties shall draft a term sheet which sets forth their agreements and counsel for each party shall sign the term sheet.

Finally, Defendant's motion to quash Plaintiff's objection to Defendant's experts Michael D. Edge and Michael T. Fenn is GRANTED. In light of these experts' lack of regular practice in the fields of backup and recovery and virtualization, Plaintiff has not met its burden of showing that the risk of harm from disclosure of Protected Material to these experts outweighs Defendant's need to disclose the Protected Material to its experts. (Dkt. 89 at 12:25-28.)

This Order disposes of Docket Nos. 113 and 115.

**IT IS SO ORDERED.**

Dated: October 4, 2012

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE