Pages 1 – 8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE MAGISTRATE JUDGE JACQUELINE SCOTT CORLEY

| | |
|---|---|
| SYMANTEC CORPORATION, ) | |
| ) | |
| Plaintiff–Counterclaim Defendant, ) | |
| ) | |
| vs. ) | NO. C 11–05310 EMC (JSC) |
| ) | |
| ACRONIS, INC., and ACRONIS ) | |
| INTERNATIONAL GmbH, ) | |
| ) | San Francisco, California |
| Defendant–Counterclaimants, ) | Friday |
| ) | October 26, 2012 |
| _____) | 10:02 a.m. |

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES (via speaker telephone)**:

**For Plaintiff**      Quinn Emanuel Urquhart & Sullivan, LLP
**Symantec**        51 Madison Avenue, 22nd Floor
                  New York, NY  10010
                  (212) 849–7000
                  (212)  849–7100 (fax)
         BY:  **KATE CASSIDY**

                  Quinn Emanuel Urquhart & Sullivan, LLP
                  50 California Street, 22nd Floor
                  San Francisco, CA 94111
                  (415) 875–6600
                  (415) 875–6700(fax)
         BY:  **ERIC E. WALL**

(Appearances continued on next page)

Reported by:  Lydia Zinn, CSR #9223, RPR, CRR
              Official Reporter – U. S. District Court

**APPEARANCES (via speaker telephone):**

**For Defendants**        Fish and Richardson, P.C.
**Acronis, Inc.;**        222 Delaware Avenue, 17th Floor
**Acronis International**  Wilmington, DE  19899-1114
                        (302) 778-8407
                        (302) 652-0607 (fax)
           BY:  **THOMAS L. HALKOWSKI**

                        Fish and Richardson, P.C.
                        12390 El Camino Real
                        San Diego, CA  92130
                        (858) 678-4745
           BY:  **OLGA IVANOVNA MAY**

**THE CLERK:**  Calling Case 11-5310, *Symantec Corporation versus Acronis, Incorporated, et al.*  Starting with the plaintiff's counsel, will you please make your appearance for the record?

**MS. CASSIDY:**  Yes.  My name is Kate Cassidy.  I'm with the law firm of Quinn, Emanuel, Urquhart & Sullivan, here on behalf of Symantec Corporation.  And with me on the phone is Eric Wall, also from the law firm of Quinn, Emanuel.

**THE COURT:**  Good morning.

**MS. CASSIDY:**  Good morning.

**MR. WALL:**  Good morning.

**THE CLERK:**  And for the defendant, will you please make your appearance?

**MR. HALKOWSKI:**  Yeah.  This is Tom Halkowski, on behalf of Acronis, with Fish and Richardson.  And on the line with me is Olga May.

**THE COURT:**  Good morning.

**MR. HALKOWSKI:**  Good morning.

**THE COURT:**  Okay.  So my first question for either Ms. May or Mr. Halkowski is:  What date are you going to provide the source code an the technical documents to Symantec?

**MR. HALKOWSKI:**  Okay.  So we said that we -- earlier this week, we told them we would be producing that within a couple weeks, based on the information that we were getting from --

**THE COURT:**  Right.  And then a few days after that.

So what I'm asking for is a date.

**MR. HALKOWSKI:**  Right, right.  And the source code we anticipate being ready by Tuesday or, at the latest, Wednesday of next week.

And the documents should be ready by November 5th, which -- again, is consistent with what we had said before; that we'd have these ready been within a couple of weeks.

**THE COURT:**  By that you mean they will have in their hand on October 31st the source code; and the documents on November 5th?

**MR. HALKOWSKI:**  The source code will be available for inspection, yes, under the Protective Order.

**THE COURT:**  Okay.

**MR. HALKOWSKI:**  And the documents will be sent out on November 5th.  Typically, I think we've been doing that by e-mail, so yeah.

**THE COURT:**  All right.  So, Ms. Cassidy or Mr. Wall, why isn't that enough time?

**MS. CASSIDY:**  That is enough time, your Honor. That -- I mean, part of the reason why we wanted a meet-and-confer was -- in person was to get exactly that:  A date certain by which we would have the documents.

**THE COURT:**  Okay.  So let me stop you there.  The problem, I think, was that -- what my Order is, is that you

meet and confer in person before you bring a motion to me; not that you sort of skip the other meet-and-confer, and go straight to meeting in person.  So I think that was part of the problem here, because that, I think, is being used improperly as leverage.

I think in this case, you should have gotten on the phone and talked.

And I think Mr. Halkowski and Ms. May should have actually given a date certain.

When you're a lawyer on the other side, and someone says, "I'm going to get something in two weeks, and then I'm going to give it to you as soon as it's available thereafter," that raises a red flag, particularly in this case, where everything seems to be very contentious.

So you needed to give them a date certain; but on the other hand, you shouldn't have been insisting on an in-person meet-and-confer.  You should have just gotten on the phone. The in-person meet-and-confer is the last step before you bring it to the Court.

Now, I understand the Court's just going to have to be involved in this case a lot.  I'm happy to do that.  As you know, here I am, today.  But really I mean:  This shouldn't have been brought to me. You should have been able to work this out, just like you just did.  Just pick up the phone first. When that doesn't work, then you meet and confer in person; but

hopefully, that would have worked; that Acronis would have just done what they'd just did right now, which is just give you a date.

But lawyers -- but I don't blame Symantec for insisting on a date, because that's just kind of vague, and then they needed to make sure they had it.

**MS. CASSIDY:**  So, your Honor, if I may --

**MR. HALKOWSKI:**  Your Honor --

**MS. CASSIDY:**  -- we appreciate that.  And if I may just say we've already spoken on the phone twice about this issue.  We spoke on September 7th, and we spoke again later in September on September 25th.  And we had not been making any progress on resolving these discovery issues.

So we -- we certainly do appreciate the need to try every avenue before we do an in-person meet-and-confer; and we are committed to do so.  We just felt that we were at that point where an in-person meet-and-confer was necessary.

**THE COURT:**  Well, if I look at the e-mail from October 23rd -- right? -- which is there now, there's no dispute whether they're going to.  I understand there was back and forth about whether they would produce it, and it wasn't in the case, and all that; but by October 23rd, they've now told you by e-mail they will produce it.  So the fact that you had spoken to them in September, you -- then you pick up the phone again in October after that, before you then insist on an

in-person meet-and-confer.  And then if at that point they refuse to give you a date certain, then I think that would be appropriate.

**MS. CASSIDY:**  Understood.  Thank you, your Honor.

**THE COURT:**  Okay.  All right.

**MR. HALKOWSKI:**  And, Judge, just for the record, we would have been happy to give a -- you know, a date certain. It's just that we hadn't actually gotten those materials, so we didn't feel like we could commit to it, until actually we got them from the client, which we just recently did.  And so now we feel comfortable that we're going to be able to process them, and get them by the dates that I just mentioned.

**THE COURT:**  Well, all right.  Next time, just push your client more.  Right?  And just tell them, "I need to give them a date certain, so you need to give me a date certain."

**MR. HALKOWSKI:**  Got it.

**THE COURT:**  All right?  Okay.  Thank you.  Everyone have a good weekend.  And, for those of you here, go Giants!

**MS. CASSIDY:**  One housekeeping matter, if I may, just before we go.

**THE COURT:**  Sure.

**MS. CASSIDY:**  We're finalizing -- at the October hearing, the Court asked for additional briefing on the issue of the depositions of certain Acronis witnesses.  And we're just finalizing our section of that motion.  And we were just

wondering if it would be okay if we submitted a motion that was beyond the page limits set out in your Discovery Order.  Right now, our section of the brief is just pushing a bit over seven pages; and we're wondering if your Honor would have any objection to that length.

**THE COURT:**  I do not.  I mean, the whole point of it is that full-blown motions to compel, I think, can get expensive unnecessarily, but I do want you to feel like you've given me everything that I need to make a decision.  So that's fine.

**MS. CASSIDY:**  Okay.  Thank you very much.

**THE COURT:**  All right.  Thank you.

**MS. CASSIDY:**  Thank you.

**MR. HALKOWSKI:**  Thank you.  Bye-bye.

**THE CLERK:**  Court is in recess.

(At 10:11 a.m. the proceedings were adjourned)

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

_Lydia Zinn_ _____   October 26, 2012
Signature of Court Reporter/Transcriber   Date
Lydia Zinn

Lydia Zinn, CSR #9223
Official Reporter – U.S. District Court
(415)  531-6587