Jennifer A. Kash (Bar No. 203679)
jenniferkash@quinnemanuel.com
Eric E. Wall (Bar No. 248692)
ericwall@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Attorneys for Plaintiff-Counterclaim Defendant Symantec Corporation

Jason W. Wolff (SBN 215819/wolff@fr.com)
Olga I. May (SBN 232012/omay@fr.com)
Alex Eaton-Salners (SBN 239750/eaton-salners@fr.com)
Aleksandr Gelberg (SBN 279989/gelberg@fr.com)
Fish & Richardson P.C.
12390 El Camino Real
San Diego, California 92130
Telephone:  (858) 678-5070
Facsimile:   (858) 678-5099

Attorneys for Defendants-Counterclaimants Acronis, Inc. and Acronis International GmbH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYMANTEC CORPORATION,<br><br>    Plaintiff and Counterclaim Defendant,<br><br>    vs.<br><br>ACRONIS, INC. and ACRONIS INTERNATIONAL GMBH,<br><br>    Defendants and Counterclaimants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 3:11-cv-05310 EMC (consolidated for all purposes with Case No. CV12-01062 PSG)<br><br>Honorable: Edward M. Chen<br><br>**STIPULATION REGARDING ESI DISCOVERY PLAN** |

Plaintiff-Counterclaim Defendant Symantec Corporation ("Symantec") and Defendants-Counterclaimants Acronis, Inc. and Acronis International GmbH (collectively "Acronis") hereby stipulate, subject to approval of the Court, that:

1.      The parties agree to conduct a reasonable and thorough search for paper documents and electronically stored information (ESI) responsive to the other side's discovery requests subject to the producing party's objections or that are otherwise relevant to any claim or defense asserted in the above captioned case.  Subject to the provisions of this agreement, each party will conduct a good faith search for relevant and responsive information regardless of how that information is kept in the ordinary course.  The parties need not exchange and negotiate search terms with the other side before collecting and producing relevant and responsive information.

2.      When possible, electronically-stored documents in English that are text-searchable in their native form will be produced as .tiff images or searchable .pdf images with appropriate Bates numbers and confidentiality designations and, in the case of .tiff images, with load files that denote document breaks and document family relationships and extracted or OCR'd text that is searchable (i.e., production in native format is permitted but not required).  Additionally, the parties agree to reasonably accommodate one another's requests for production of certain documents in native format, such as financial information in native Excel format, to facilitate use by each party and their experts.

3.      No party will be obligated to render a document that is not searchable in its native format, or that the party does not possess in its native format, to searchable form for the purposes of producing the document.

4.      Documents that originally exist in paper form will be produced as searchable .tiff images or .pdf images.

5.      In producing documents written primarily or entirely in languages other than English, the parties agree that the producing party will produce (1) all non-privileged English translations of such documents that were prepared by or on behalf of the producing party before the filing of this litigation and (2) all certified English translations created during this litigation of

documents written primarily or entirely in languages other than English that a party intends to rely upon at trial or in motion practice.

6. The parties have further agreed to delay the search and production of electronic mail ("email") until such time as the receiving party has reviewed the contents of the producing party's document production and determines that electronic mail and electronic mail documentation is required. However, if, in the course of conducting a reasonable search for documents responsive to the other party's requests, a party learns that relevant and responsive information exists *only* in an email account, that party is obligated to produce that relevant information to the other side in this case irrespective of the fact that it resides in email. Each party agrees to conduct a reasonable search of email from the relevant time period for the inventors employed by the party or represented by the party's outside counsel, to the extent this email is reasonably available and it is within the possession, ownership, and control of the producing party or the respective inventors. Email searched during this good-faith collection will not be searched again absent the parties' agreement or a court order.

7. To obtain email discovery from custodians that were not subject to the good-faith collection, parties must propound specific email production requests. Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business. Email production requests shall be phased to occur after the parties have exchanged initial disclosures and basic documentation about the patents, the prior art, the accused instrumentalities, and the relevant finances and damages-related discovery. Email production requests shall identify the custodian and time frame. The parties shall cooperate to identify the proper custodians and proper timeframe.

8. The number of custodians subject to email production requests will be limited to 5 and may be increased to 10 total by the parties' agreement. If the email for any of the inventors of

the patents-in-suit was not searched as part of the collection described in paragraph 6, a party may seek discovery of relevant email of such inventors in addition to the 5-custodian limit.   The number of search term strings shall be limited to 10 and may be increased to 15 total by the parties' agreement.  The parties shall cooperate and meet and confer in good faith to devise narrowly tailored requests and determine the proper time frame.  The parties shall exchange search term string hit results before the search term strings are applied to the custodian data set.

9. The receiving party shall not use inadvertently produced ESI that the producing party asserts is attorney-client privileged or work product protected to challenge the privilege or protection.

10. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

11. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

12. Except for good cause and upon special request, the parties are only obligated to provide the following metadata for ESI produced regarding conception and reduction to practice and to the extent such metadata exists without the need for forensic collection: From, To, CC, BCC, Date Sent, Time Sent, Date Received, Time Received, Attachment Range, Attachment Begin, and Attachment End (or the equivalent thereof).

13. The parties have agreed, absent good cause and upon special request, and unless the materials listed below are the sole source of relevant information, to:

   a. not search and produce materials retained in tape, floppy disk, optical disk, or similar formats used primarily for back-up or disaster recovery purposes;

     b.  not search and produce archives that were created solely for disaster recovery purposes, are not used in the ordinary course of a party's business, and are stored on computer servers, external hard drives, notebooks, or personal computer hard drives.  Even though the parties have not reviewed the material stored on disaster recovery back up archives, both parties acknowledge that this agreement is made on a good faith representation that they have no reason to believe that any disaster recovery backup is the sole source of any relevant information.  The parties need not deviate from their normal business practices with regard to such tape, floppy disk, optical disk, or similar formats primarily for back-up or disaster recovery purposes.  In particular, recycling of back-up tapes conducted in the ordinary course of a party's business operations is permitted.

14.    The parties have also agreed that if responsive documents are located on a centralized server or network, the producing party shall not be required to search for additional, identical copies of such responsive documents that may be located on the personal computer, or otherwise in the possession, of individual employees absent a showing of good cause that the production of such additional copies is necessary.  The parties will meet and confer to discuss the parameters of the search and production of any such documents.  The parties have also agreed that if responsive documents are located on a centralized server, network, or an individual employee's computer, the producing party shall not be required to search for additional, identical copies of such responsive documents that may be located on any (other) individual employee's computer, or otherwise in the possession, of individual employees absent a showing of good cause that the production of such additional copies is necessary.  The parties further agree that neither party need deviate from the practices it normally exercises with regard to such additional, identical copies.

15. Notwithstanding the foregoing, the parties have agreed to collect and produce responsive, relevant, and non-duplicative documents that the producing party knows to be located on the personal computer, in an email account, or otherwise in the possession, of individual employees that can be collected and produced without undue burden.

DATED: October 26, 2012  QUINN EMANUEL URQUHART & SULLIVAN

By: _/s/ Jennifer A. Kash_____

Jennifer A. Kash (Bar No. 203679)
jenniferkash@quinnemanuel.com
Eric E. Wall (Bar No. 248692)
ericwall@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

David A. Nelson
davenelson@quinnemanuel.com
Robert R. Cleary, Jr.
robertcleary@quinnemanuel.com
Aaron Perez-Daple
aaronperezdaple@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
500 West Madison Street, Suite 2450
Chicago, IL 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Kate Cassidy
katecassidy@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Attorneys for Plaintiff-Counterclaim Defendant

Symantec Corporation

| | |
|---|---|
| DATED: October 26, 2012 | FISH & RICHARDSON P.C. |
| | By: _/s/ Olga I. May_____ |
| | Jason W. Wolff |
| | Olga I. May |
| | Alex Eaton-Salners |
| | Aleksandr Gelberg |
| | FISH & RICHARDSON P.C. |
| | 12390 E. Camino Real |
| | San Diego, California 92130 |
| | |
| | Frank Everett Scherkenbach |
| | Steven R. Katz |
| | FISH & RICHARDSON P.C. |
| | 225 Franklin Street |
| | Boston, MA 02110-2804 |
| | 617-542-5070 |
| | Fax: 617-542-8906 |
| | |
| | Thomas L. Halkowski |
| | Warren Keith Mabey , Jr. |
| | FISH AND RICHARDSON P.C. |
| | 222 Delaware Avenue |
| | 17th floor |
| | P.O. Box 1114 |
| | Wilmington, DE 19899-1114 |
| | 302-778-8407 |
| | Fax: (302) 652-0607 |
| | |
| | Attorneys for Defendants and Counterclaimants Acronis, Inc. and Acronis International GmbH |

SO ORDERED:
DATED:  October _29_, 2012

By: ____Jacqueline S. Corley_____
Magistrate Judge Jacqueline Scott Corley

1

**SIGNATURE ATTESTATION**

Pursuant to General Order No. 45(X)(B), I hereby certify that concurrence in the filing of this document has been obtained from each of the other signatories shown above.

    /s/ Kate E. Cassidy