IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYMANTEC CORPORATION,<br><br>        Plaintiff,<br><br>        v.<br><br>ACRONIS, INC., et al.,<br><br>        Defendants. | Case No. 11-cv-5310  EMC (JSC)<br><br>**ORDER RE: DEPOSITIONS OF RUSSIAN WITNESSES (Dkt. Nos. 155, 163)** |

Now pending before the Court is a joint discovery letter brief regarding Plaintiff Symantec's motion to compel the depositions of certain witnesses located in Russia. (Dkt. Nos. 155, 163.) After carefully considering the parties' arguments and evidence, and having had the benefit of oral argument on December 10, 2012, the Court GRANTS Symantec's motion in part.

**DISCUSSION**

Plaintiff Symantec Corporation ("Symantec") filed this patent litigation lawsuit against two defendants: Acronis, Inc., a United States corporation, and Acronis International GmbH, a Swiss entity (collectively "Acronis" or "Defendants"). Symantec alleges that Defendants' backup, recovery and security software infringes several of Symantec's patents.

1    Symantec served Rule 30(b)(1) deposition notices on Acronis for five Acronis Russia
2 employees. Symantec contends that these deponents are the most knowledgeable about the
3 design, development and coding of the accused products. Acronis has refused to produce
4 these witnesses on the ground that they are employed by a third party, namely, Acronis
5 Russia, and therefore can only be required to attend a deposition through a third-party
6 subpoena.
7    Pursuant to Federal Rule of Civil Procedure 30, "a party may request the deposition of
8 another party to the litigation by serving a notice of deposition upon that party." *Calderon v.*
9 *Experian Information Solutions, Inc.*, 2012 WL 5377799 *2 (D. Id. Oct. 31, 2012). Rule 30,
10 unlike Rule 34, does not require a party to produce for deposition any person that is merely in
11 the party's "control;" rather, if the party from whom discovery is sought is a corporation, "the
12 party seeking discovery may either designate an appropriate individual or describe the subject
13 matter to be covered in the proposed deposition and allow the corporate deponent to designate
14 its own spokesperson under Rule 30(b)(6)." *Id.* "However, if the party seeking discovery
15 chooses to designate a particular witness, the person so designated must be an 'officer,
16 director, or managing agent' of the corporation." *Id.*; *see also* Schwarzer, et al. *California*
17 *Practice Guide: Federal Civil Procedure Before Trial §* 11:1419 (2011) (a corporate party
18 must produce for deposition any "officer, director or managing agent" named in a deposition
19 notice). If the person sought to be deposed is not an officer, director or managing agent, the
20 person's deposition must be sought by third-party subpoena. And, if the witness is located
21 overseas, "the procedures of the Hague Convention or other applicable treaty must be
22 utilized." *Calderon,* 2012 WL 5377799 at *2.
23    It is undisputed that the proposed deponents are not officers or directors of Defendants.
24 Defendants contend that although the proposed deponents are employed by a sister
25 corporation--Acronis Russia--they are not employed by either defendant and therefore cannot
26 be considered "managing agents" as a matter of law. *See, e.g., Newmarkets Partners, LLC v.*
27 *Oppenheim*, 2009 WL 1447504 *1 (S.D.N.Y. May 22, 2009) (refusing to compel Rule 30
28 deposition of officer of related corporation); *Honda Lease Trust v. Middlesex Mut. Assur. Co.*,

2

2008 WL 3285242 *2-3 (D. Conn. Aug. 7, 2008) (holding that Honda had no obligation to produce employees of its related companies for deposition).  The Court finds, however, that notwithstanding any purported separate corporate structure, Acronis Inc. treats Acronis Russia employees as its own employees for purposes of discovery; indeed, it has represented to the courts of the United States that "Acronis" employees in Russia are employees of Acronis, Inc.

First, in a patent infringement action initiated by Acronis, Inc. in the District of Massachusetts (*Acronis, Inc. v. Ludid8, LLC*, 11-10772), Acronis, Inc.'s initial disclosures identified several "Acronis, Inc." employees in Moscow, Russia.  (Dkt. No. 149-5.)  At oral argument, Acronis could not, and did not, represent that the Moscow, Russia "Acronis, Inc." employees it disclosed in *Lucid8* are actually employed by an entity different from the Moscow, Russia employees Symantec seeks to depose.

Second, in a patent infringement action against Acronis, Inc. in the Eastern District of Missouri, *PB&J Software, LLC v. Acronis, Inc.*, 12-690-SNLJ, Acronis, Inc. moved the district court to transfer the action to the District of Delaware.  In support of its motion, Acronis, Inc. represented that its "employees" with knowledge of technical matters are located in Massachusetts and Moscow, Russia.  (Dkt. No. 149-1 at 4, 13.)  Indeed, Acronis, Inc. argued:

> In contrast to PB&J, Acronis has multiple employees who have no personal interest in this case.  Many of these employees, including executives, will likely have to be deposed and to testify as witnesses, interrupt their duties, and travel to Missouri for trial from Woburn, Massachusetts or Moscow, Russia. . . . Acronis is likely to incur substantial expenses for these witnesses' airfare, meals and lodging, and losses in productivity from time spent away from work.

(Dkt. No. 149-1 at 15 (internal quotation marks and citation omitted).)  At oral argument Acronis was unable to identify any Acronis, Inc. employees who reside in Russia, Moscow; thus, in the *PB&J* matter, Acronis, Inc. represented to the court that the employees of Acronis Russia are Acronis, Inc. employees for whom Acronis, Inc. would have to incur substantial expenses.

3

Acronis, Inc.'s treatment of Acronis Russia employees as its own employees in litigation in the federal courts of the United States is not surprising given how the Acronis entities are structured. According to Symantec's evidence, and not contradicted by Acronis,

**REDACTED**

In sum, the Court agrees with Acronis that Symantec's showing of "control" of Acronis Russia employees is insufficient to compel their depositions. The record, however, supports a finding that for purposes of discovery in the courts of the United States, Acronis Inc. treats the Acronis Group's Russia employees as their own employees, and indeed, has represented in court filings that such Russia employees are Acronis, Inc. employees. Accordingly, for the purposes of Symantec's motion to compel, this Court, too, will consider the Acronis Russia employees as employees of Acronis Inc.

The Court's finding, however, is only the beginning of the inquiry. As explained above, the Court may enforce the Rule 30 deposition notices only if proposed witnesses are Acronis "managing agents." Courts generally consider the following factors to determine if a proposed witness is a managing agent:

> 1) whether the individual is invested with general powers allowing him to exercise judgment and discretion in corporate matters; (2) whether the individual can be relied upon to give testimony, at his employer's request, in response to the demand of the examining party; (3) whether any person or persons are employed by the corporate employer in positions of higher authority than the individual designated in the area regarding which information is sought by the examination; (4) the general responsibilities of the individual respecting the matters involved in the litigation.

1  *Calderon*, 2012 WL 5377799 at *2.  "[T]he question of whether a particular person is a
2  'managing agent' is to be answered pragmatically, on an ad hoc basis, considering the facts of
3  the particular case.  Further, at least where the question is whether the deposition should
4  occur, as opposed to whether the corporation may ultimately be bound by the employee's
5  statements, the third factor, i.e. the witness's likely 'identification with the interests of the
6  employer'—is said to be the 'paramount test.'"  *Id.*  "At the discovery stage, "all doubts
7  are to be resolved in favor of the party seeking discovery."  *Id.*  "Thus, courts have concluded
8  that if there is at least a 'close question' as to the managing agent status of a potential witness,
9  doubts should be resolved in favor of allowing the deposition, with the final determination of
10 whether the agent has the ability to bind the corporation to be left for trial."  *Id.*

11 Here, one of the five witnesses whom Symantec seeks to depose--Denis Chernov-- is
12 no longer employed by any Acronis entity and therefore is not a managing agent as a matter of
13 law and his deposition cannot be compelled by virtue of the Rule 30 notice.  The other four
14 potential deponents are Emil Manukyan "Chief Architect," and Alexy Makhov, Vladimir
15 Miroshkin, and Ramil Yusupov, Senior Program Managers.  Symantec has identified these
16 witnesses based on documents Acronis has produced thus far; in particular, Symantec
17 contends that each was involved in the design and development of the accused products.  The
18 question, then, is whether Symantec has satisfied its "burden of providing enough evidence to
19 show that there is at least a close question whether [these witnesses] are managing agents."
20 *Finley v. Count of Martin*, 2009 WL 3320263 *1 (N.D. Cal. Oct. 13, 2009).   That an
21 employee has the word "manager" in his title is not sufficient to show managing agent status.
22 *Id.*

23 As for Manukyan, the Chief Architect, Symantec has offered evidence that he is
24 responsible for designing key product features and that he serves in a consultant capacity for
25 the products at issue in this lawsuit.  Symantec has also offered evidence that the "Senior
26 Program Managers" are "responsible for product communication management, the creation of
27 product specifications, analyzing the software market, conducting competitor reviews and
28 conducting usability testing."  (Dkt. No. 163 at 5.)

     Acronis does not deny that the deponents were involved in the design and development of the accused products. Nor does it offer its own declaration as to the duties and responsibilities of the deponents. Instead, it contends that Symantec's evidence is insufficient to meet its initial burden on the managing agent issue. The Court disagrees. Symantec's evidence--which goes beyond the mere job title of the employees and focuses on their responsibilities--at least raises a close question as to their managing agent status for the purpose of ordering their depositions. This conclusion is especially warranted given that the managing agent inquiry should focus on the employee's managing agent status respecting the subject matter of the litigation. *See, e.g., Calderon*, 2012 WL 5377799 at *4. In other words, even if an employee may not be considered a managing agent of the corporation in general, he may be considered such an agent for the purpose of giving testimony on a particular topic. Here, that topic is the technicalities of the accused products. The current record before the Court at least suggests that these witnesses exercise judgment and discretion with respect to the products, and that their interests would be aligned with Acronis. The final determination of whether their testimony may bind Acronis shall be left for trial. *Id.* at *3.

     The Court agrees with Acronis, however, that the depositions of the Russian witnesses impose a substantial burden, especially since they cannot be deposed in Russia due to Russian law. Symantec has not yet made a sufficient showing to overcome that considerable burden given that it has yet to take the depositions of the persons Acronis has identified as most knowledgeable as to technical issues ("Acronis-identified witnesses"). Symantec speculates

**REDACTED**

assume that Symantec's speculation is correct. At oral argument Symantec also explained that it made its motion prior to taking the technical depositions because it is concerned that there will simply not be enough time to take the Russian witnesses depositions if the testimony of the Acronis-identified witnesses is inadequate. But as Symantec acknowledged at oral argument, there is as of yet no discovery deadline in this action. Accordingly, this Court will

6

1 not compel the depositions of the Russian witnesses until Symantec has completed its
2 depositions of the Acronis-identified technical witnesses.

## CONCLUSION

For the reasons explained above, Symantec's motion to compel is granted, but only in part. Symantec shall proceed with the depositions of the Acronis-identified technical witnesses. If after it takes these depositions Symantec still believes that the depositions of any of the Russian witnesses are required, the parties shall meet and confer in person on which witnesses and why. If the parties are unable to reach an agreement, they shall submit a further joint discovery letter that addresses whether Symantec should be allowed to proceed with the depositions of any of these Russian witnesses in light of the burden imposed and the discovery already obtained. In the meantime, and in order to avoid the potential prejudice feared by Symantec, the parties should tentatively agree to a schedule for these depositions.

As stated at oral argument, the Court will not order the witnesses to travel to the United States, although the parties are free to agree to such an arrangement.

Finally, the Court has filed this Order under seal because it refers to information which Acronis has sought to have sealed. Acronis shall file a submission with the Court on or before January 7, 2012 which identifies the page and line numbers that should be redacted consistent with the Court's earlier sealing order.

This Order disposes of Docket Nos. 155 and 163.

**IT IS SO ORDERED.**

Dated: February 8, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE