UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYMANTEC CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ACRONIS, INC., *et al.*,<br><br>　　　　Defendants.<br>_____/ | No. C-11-5310 EMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO AMEND INFRINGEMENT CONTENTIONS**<br><br>**(Docket No. 177)** |

Acronis has moved for leave to make three amendments with respect to its counterclaims of patent infringement. A hearing was held on the motion on February 28, 2013. This order memorializes the Court's ruling and provides additional analysis as necessary.

　　1.　To the extent Acronis seeks leave to dismiss (a) its counterclaim based on infringement of the '211 patent and (b) all claims against Backup Exec 12, the motion is granted. At the hearing, the parties stipulated that this counterclaim would be dismissed with prejudice with each side to bear their own fees and costs. Accordingly, the counterclaim based on infringement of the '211 patent is hereby dismissed with prejudice, as are all claims against Backup Exec 12.

　　2.　To the extent Acronis seeks leave to add a claim that Backup Exec 2012 is an infringing product, the motion is granted. Symantec has not opposed this amendment.

　　3.　To the extent Acronis seeks leave to add a claim that a new product -- NetBackup -- is an infringing product, the motion is denied. Even applying the more liberal standard of Federal Rule of Civil Procedure 15, the Court finds that the amendment is not warranted because Acronis unduly delayed in seeking the amendment and, more important, because the amendment would

result in legal prejudice to Symantec. *See Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999) (stating that "[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend"; noting that "[w]e have previously reversed the denial of a motion for leave to amend where the district court did not provide a contemporaneous specific finding of prejudice to the opposing party, bad faith by the moving part, or futility of the amendment"). Although Acronis does not believe that including NetBackup in the litigation would necessitate a change in the case management schedule, the Court does not agree. This case has been pending since the complaint was filed on November 1, 2011, sixteen months ago, and the Court has already rendered a claim construction in the case and is prepared to set a case management schedule that calls for completion of fact discovery in a few months. Adding an entirely new accused product will substantially expand the scope of this case and materially impact the schedule of this case.

Accordingly, for the foregoing reasons, Acronis's motion for leave to amend is **GRANTED** in part and **DENIED** in part.

This order disposes of Docket No. 177.

IT IS SO ORDERED.

Dated: March 5, 2013

_____
EDWARD M. CHEN
United States District Judge

2