1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SYMANTEC CORPORATION,

Plaintiff,

v.

ACRONIS CORPORATION, et al.,

Defendants.

Case No.: 11-5310 EMC (JSC)

**ORDER RE: ADMINISTRATIVE MOTIONS TO SEAL (Dkt. Nos. 245 & 254)**

Now pending before the Court are the parties' administrative motions to seal filings related to Defendants Acronis Corporation, et al., (collectively "Acronis") Motion to Amend/Correct Invalidity Contentions.  (Dkt. Nos. 245 & 254.)   Both parties' motions fail to comply with this Court's Standing Order which requires that a party seeking to file a document under deal simultaneously electronically file the document under seal.  Neither party electronically filed under seal any of the documents over which sealing is sought.  In the interests of expediency, the Court nevertheless rules as follows.

Acronis has established good cause for filing under seal certain exhibits attached to their motion to amend.  Accordingly, the motion to seal is GRANTED as to Exhibits F, G, H,

United States District Court
Northern District of California

1    I and J to the Declaration of Olga May, and Exhibits A and C to the Declaration of Dmitry

2    Joukovsky.  (Dkt. No. 245.)  Acronis shall electronically file these exhibits under seal within

3    three days.  The motion is DENIED as to Exhibit B to the Declaration of Olga May as the

4    request to seal an entire deposition transcript is not narrowly tailored in accordance with

5    Local Rule 79-5.  Symantec contends that the transcript should be filed under seal because "it

6    contains testimony on Symantec's source code, including source code files for Symantec's

7    Backup Exec product and contains information about Symantec's product Backup Exec.

8    Public disclosure of this information would likely cause Symantec substantial prejudice by

9    creating a risk of public harm that can cause a competitive injury to Symantec."  (Dkt. No.

10   247 ¶ 3.)  While this may establish good cause for sealing portions of the exhibit, it does not

11   establish good cause for filing the document under seal in its entirety.  Accordingly, the

12   motion is DENIED without prejudice as to Exhibit B.  Acronis shall immediately

13   electronically file this exhibit under seal in lieu of the redacted (blank) version filed at Docket

14   No. 247-3 in accordance with this Court's Standing Order.

15          With respect to Plaintiff Symantec Corporation's ("Symantec") Administrative Motion

16   to File Under Seal Symantec's Opposition to Acronis's Motion to Amend Invalidity

17   Contentions and Certain Exhibits thereto, the request is likewise granted in part and denied in

18   part. (Dkt. No. 254.)  The motion is DENIED as to Exhibits A and E.  The parties have failed

19   to establish good cause for sealing Exhibit A as the document is predominately in Russian

20   and no translation is provided.  Similarly, Symantec has failed to establish good cause to seal

21   Exhibit E which is a notice of a deposition that Symantec seeks to file under seal in its

22   entirety.  In support of its request, Symantec indicates that the exhibit "contains information

23   about Symantec's source code, including source code filenames." (Dkt. No. 254-3, ¶ 3.)

24   However, the request for sealing is not "narrowly tailored" as required by Local Rule 79-5 so

25   as to only seek sealing of sealable material related to source code.  Accordingly, the request

26   for sealing is DENIED as to these two exhibits without prejudice.  Symantec shall, however,

27   immediately electronically file these documents under seal in place of the redacted (blank)

28   versions filed at Docket Nos. 254-4 and 254-8 in accordance with this Court's Standing

1 Order.  Symantec has, however, established good cause to file Exhibits D, K, and L under

2 seal.  Accordingly, the motion is GRANTED as to these exhibits which Symantec shall

3 electronically file under seal within three days.  As Acronis does not contend that any of the

4 other exhibits or any portion of the opposition brief should be filed under seal, these shall

5 immediately be filed on the public docket in unredacted form.

6      This Order disposes of Docket Nos. 245 and 254.

7

8      **IT IS SO ORDERED.**

9

10 Dated:  September 16, 2013

11 _____
JACQUELINE SCOTT CORLEY

12 UNITED STATES MAGISTRATE JUDGE