PAGES 1 – 10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE EDWARD M. CHEN

SYMANTEC CORPORATION,            )
                                 )
          PLAINTIFF,             )
                                 )
  VS.                            ) NO. C 11–5310 EMC
                                 )
ACRONIS, INC.,                   )
                                 ) SAN FRANCISCO, CALIFORNIA
          DEFENDANT.             ) THURSDAY
                                 ) OCTOBER 10, 2013
_____ ) 10:37 A.M.

**TRANSCRIPT OF PROCEEDINGS OF THE OFFICICAL ELECTRONIC SOUND**

**APPEARANCES:**

**FOR PLAINTIFF**          QUINN, EMANUEL, URQUHART &
                              SULLIVAN, LLP
                           50 CALIFORNIA STREET
                           22ND FLOOR
                           SAN FRANCISCO, CALIFORNIA  94111
                    BY:  **JENNIFER A. KASH, ESQUIRE**


**FOR DEFENDANT**          FISH & RICHARDSON PC
                           222 DELAWARE AVENUE
                           17TH FLOOR
                           P.O. BOX 1114
                           WILMINGTON, DELAWARE  19899
                    BY:  **THOMAS L. HALKOWSKI, ESQUIRE**


*REPORTED BY:  JOAN MARIE COLUMBINI*
              *TRANSCRIBER*

**PROCEEDINGS; THURSDAY, OCTOBER 10, 2013; 10:37 A.M.**

**THE CLERK:** CALLING CASE C 11-5310, SYMANTEC VERSUS ACRONIS.

COUNSEL, PLEASE COME TO THE PODIUM AND STATE YOUR NAME FOR THE RECORD.

**MS. KASH:** GOOD MORNING, YOUR HONOR. JENNIFER KASH FROM QUINN, EMANUEL FOR PLAINTIFF SYMANTEC.

**THE COURT:** FINE. THANK YOU, MS. KASH.

**MR. HALKOWSKI:** GOOD MORNING, YOUR HONOR. TOM HALKOWSKI ON BEHALF OF ACRONIS.

**THE COURT:** LET ME FIRST ADDRESS THE ISSUE ABOUT POSSIBLE CONTINUANCE OF THE TRIAL DATE IN VIEW OF THE PTO'S INTERPARTY REVIEW.

I AM NOT GOING TO GRANT A CONTINUANCE ON THAT BASIS. IT'S TWO CLAIMS OUT OF MANY OTHERS. AND GIVEN THE FACT THAT WE MAY NOT GET THE FINAL DECISION IN LIGHT OF POTENTIAL APPEAL, I JUST DON'T SEE ANY FURTHER DELAY WARRANTED.

**MR. HALKOWSKI:** UNDERSTOOD, YOUR HONOR.

JUST FOR THE RECORD, THOUGH, THE TWO CLAIMS ARE THE ONLY CLAIMS THAT ARE ASSERTED UNDER THAT ONE PARTICULAR PATENT. SO THAT WOULD COMPLETELY DISPOSE OF ONE OF THE PATENTS, JUST SO THE RECORD IS CLEAR ON THAT.

**THE COURT:** YEAH. IF THAT WERE THE ONLY ISSUE, I'D SAY, YEAH, LET'S DO IT. BUT WHEN WE'VE GOT --

**MR. HALKOWSKI:** UNDERSTOOD.

**THE COURT:** SO YOU SHOULD COUNT ON TRIAL GOING FORWARD.

THAT BEING SAID, I MEAN ALMOST ALL OF OUR CIVIL CASES THESE DAYS ARE TRAILING CRIMINAL CASES. AND SO, YOU KNOW, WE'LL HAVE A BETTER SENSE EXACTLY WHAT'S GOING TO HAPPEN. I DID WANT TO GIVE YOU FAIR WARNING OUR CALENDARS AROUND HERE ARE PRETTY PACKED.

**MR. HALKOWSKI:** ALL RIGHT. THANK YOU.

**THE COURT:** BUT I PLAN TO GO FORWARD.

I DO HAVE A QUESTION -- LET'S SEE -- ABOUT -- AND I DON'T WANT TO GET INTO THE SETTLEMENT CONFERENCE ANY MORE THAN YOU HAVE INDICATED HERE, BUT APPARENTLY THERE IS AN AUDIT THAT MAY HAVE SOME RELEVANCE, AND THAT'S GOING TO BE COMPLETED BY THE END OF THE YEAR; IS THAT --

**MR. HALKOWSKI:** THAT'S RIGHT, YOUR HONOR.

AGAIN, WITHOUT GETTING INTO ANY DETAILS, THERE WAS PROGRESS AT THE AUGUST MEDIATION. OBVIOUSLY, THERE WERE NUMBERS EXCHANGED THERE. AND SYMANTEC HAD SOME QUESTIONS REGARDING REVENUE, AND SO WE AGREED UPON THIS AUDIT. BOTH SIDES HAVE SIGNED OFF ON THE AUDIT AT THIS POINT, AS I UNDERSTAND IT, JUST RECENTLY. IT SHOULD BE STARTED WITHIN THE NEXT FEW DAYS. THE HOPE IS THAT IT'S GOING TO BE DONE BEFORE THE END OF THE YEAR. WE WILL BE BACK BEFORE MAGISTRATE LAPORTE TO -- FOR ANOTHER SESSION TO SEE IF WE CAN'T MAKE SOME MORE

PROGRESS.

**THE COURT:** GREAT. AND THAT WILL BE IN PARALLEL WITH THE SUMMARY JUDGMENT -- IT SOUNDS LIKE THERE'S GOING TO BE CROSS MOTIONS FOR SUMMARY JUDGMENT. I'VE SEEN AN INDICATION OF THAT. WE ALREADY HAVE IT SCHEDULED AND SET FORTH FOR THAT, CORRECT?

**MR. HALKOWSKI:** YES, YOUR HONOR. THAT'S THE WAY THE SCHEDULE IS CURRENTLY.

**THE COURT:** GREAT. ALL RIGHT. WELL -- AND THAT'S GOING TO BE HEARD JANUARY 23RD, IT SOUNDS LIKE.

**MR. HALKOWSKI:** CORRECT.

**THE COURT:** GOOD. OKAY.

IS THERE ANYTHING ELSE THAT WE CAN DO TO FACILITATE FURTHER SETTLEMENT TALKS OTHER THAN WHAT'S BEEN GOING ON?

**MR. HALKOWSKI:** YES, AS A MATTER OF FACT. WE'VE TRIED TO KIND OF LAY THIS OUT FOR YOUR HONOR, BUT WE ONLY, OBVIOUSLY, HAD FIVE PAGES FOR THIS APPEAL ON A MOTION TO AMEND.

BUT I DO WANT TO EMPHASIZE AGAIN HERE FOR THE RECORD THAT THIS IS NOT SOME NEW TECHNOLOGY OUT OF LEFT FIELD. IT'S ACTUALLY THE PRIOR VERSIONS OF THE PRODUCTS THAT ARE ACTUALLY IN THE CASE CURRENTLY. IT JUST SO HAPPENS THAT THE FUNCTIONALITY THAT'S BEING ACCUSED WAS AROUND EARLIER.

SO IF THE MOTION TO AMEND IS GRANTED, I WILL STATE HERE ON THE RECORD THOSE TWO PATENTS WILL BE GONE. THIS CASE WILL BE SLIMMED DOWN SIGNIFICANTLY. THAT WILL CERTAINLY HELP

TO BRING THE PARTIES TOGETHER IN TERMS OF SETTLEMENT.

I WILL NOTE AGAIN FOR THE RECORD THAT -- YOUR HONOR MAY BE AWARE THAT THERE'S SORT OF A PARALLEL SORT OF A CASE GOING ON BETWEEN *SYMANTEC VERSUS VEEAM.* THAT CASE SYMANTEC FOUGHT VERY, VERY HARD, AGAIN AGAINST A MOTION TO AMEND CONTENTION BECAUSE THERE WAS PRIOR ART DISCOVERED LATE IN DISCOVERY. IN FACT, THE MOTION WAS AFTER DISCOVERY. ULTIMATELY, JUDGE ILLSTON PROPERLY GRANTED THE MOTION TO AMEND. WITHIN MONTHS THAT PATENT WAS DROPPED FROM THE CASE.

WE STRONGLY BELIEVE THE SAME THING IS GOING TO HAPPEN HERE. THAT'S WHY WE WENT TO THE TROUBLE OF PUTTING AN OFFER OF PROOF DETAILING THAT IN OUR SUBMISSIONS FOR YOUR HONOR.

**THE COURT:** ALL RIGHT. WELL, YOU KNOW THE PAPERS ARE FORTHCOMING WITH REGARD TO THE OBJECTIONS TO JUDGE CORLEY'S ORDER. AND KNOWING THAT THIS IS IN PARALLEL WITH FURTHER DEVELOPMENTS IN TERMS OF POSSIBLE DISCUSSIONS, I AM NOT GOING TO SIT ON IT. WE'LL RULE ON THIS AS QUICKLY AS POSSIBLE.

**MR. HALKOWSKI:** THANK YOU, YOUR HONOR.

THE ONE THING I WILL NOTE, AGAIN WITH REGARD TO THE APPEAL GIVEN ITS IMPORTANCE, IT'S BASICALLY A DISPOSITIVE MOTION, THAT WE AGAIN RESPECTFULLY STRONGLY URGE THE OPPORTUNITY FOR ORAL HEARING. I UNDERSTAND YOUR CALENDAR IS VERY BUSY AND YOU WILL MAKE THE BEST DECISION THAT YOU CAN. BUT, AGAIN, THAT'S THE ONLY OTHER THING THAT I WOULD ADD.

**THE COURT:** ALL RIGHT. AS I NOTED HERE, WE'LL LET

YOU KNOW IF, INDEED, WE THINK A HEARING WOULD BE USEFUL.  I UNDERSTAND IT'S AN IMPORTANT MOTION, SO I CERTAINLY WILL TAKE THAT INTO ACCOUNT.

MR. HALKOWSKI:  THANK YOU, YOUR HONOR.

MS. KASH:  CAN I MAKE ONE QUICK COMMENT ON THAT?

THE COURT:  YEAH.

MS. KASH:  WE ACTUALLY DON'T THINK THE ISSUE IS DISPOSITIVE, OF COURSE.  AND THAT JUDGE CORLEY ACTUALLY HAD HEARD ORAL ARGUMENT ON THIS, EXTENSIVE ORAL ARGUMENT ON THIS, AND RULED ALREADY.  AND SO WE THINK THAT WHILE ORAL ARGUMENT, IF THE COURT WOULD LIKE IT, WE CERTAINLY WOULD BE PREPARED FOR THAT, BUT WE THINK THIS ISSUE HAS ALREADY BEEN RULED ON.

THE COURT:  ALL RIGHT.  WE'LL LET YOU KNOW ON THAT.

SO WE SHOULD SET A FURTHER DATE FOR -- WELL, DO WE NEED TO SET A FURTHER DATE OTHER THAN POSSIBLE HEARING ON THAT? THE NEXT EVENT WILL BE SUMMARY JUDGMENT, I GUESS, JANUARY 23RD. SO MAYBE WE'LL JUST USE THAT AS A -- DOUBLE THAT UP AS A STATUS CONFERENCE AT THAT POINT.

MS. KASH:  SOUNDS FINE.

THE COURT:  ALL RIGHT.

MR. HALKOWSKI:  THANK YOU.

MS. KASH:  YOUR HONOR, MAY I ASK ONE QUICK QUESTION?

THE COURT:  YEAH.

MS. KASH:  SO YOUR STANDING ORDER IS SILENT ON WHEN YOU LIKE TO HEAR MOTIONS TO STRIKE, AS OPPOSED TO PRETRIAL

MOTIONS IN LIMINE, I BELIEVE.  AND WE DO INTEND TO FILE A MOTION TO STRIKE SOME OF THE -- THEY RAISED SOME NEW POINTS IN THEIR -- A NEW CLAIM FOR INFRINGEMENT, FOR EXAMPLE, NEW CONTENTIONS, AND FOR THE FIRST TIME IN THEIR EXPERT REPORTS.  I JUST WANTED TO KNOW WHEN THE COURT WOULD LIKE TO HEAR THOSE ISSUES IF IT'S IN CONJUNCTION WITH PRETRIAL OR...

**THE COURT:**  YOU'RE MOVING TO STRIKE?  WHAT ARE YOU MOVING TO STRIKE?

**MS. KASH:**  CONTENTIONS AND NEW ART THAT THEY SUBMITTED IN THEIR EXPERT REPORTS FOR THE FIRST TIME.

**MR. HALKOWSKI:**  WE OBVIOUSLY DISAGREE WITH THAT, BUT...

**THE COURT:**  WELL, I WOULD LIKE TO HEAR THAT IN ADVANCE.  WHEN WILL THERE BE -- WHEN WILL THE RECORD BE COMPLETE ENOUGH FOR ME TO RULE ON SUCH A MOTION?

**MS. KASH:**  WE CAN ENTER A BRIEF AT ANY TIME THE COURT WOULD LIKE.  WE JUST WANTED TO CHECK WITH YOU, AS OPPOSED TO PAPERING YOU WITHOUT SEEING WHAT THE COURT WOULD LIKE.

**THE COURT:**  WELL, I'M WONDERING WHETHER IT MAKES SENSE TO HEAR THAT -- DOES THAT NEED TO BE -- IS THIS GOING TO AFFECT THE SUMMARY JUDGMENT MOTION?

**MS. KASH:**  YES, IT WILL AFFECT OUR SUMMARY JUDGMENT MOTION, POTENTIALLY, BECAUSE THERE'S NEW INFRINGEMENT CONTENTIONS IN THEIR EXPERT REPORT THAT THEY DIDN'T DISCLOSE, AND WE ONLY HAVE ONE MOTION FOR SUMMARY JUDGMENT UNDER YOUR

ORDER, SO...

**MR. HALKOWSKI:**  AND, YOUR HONOR, JUST, AGAIN, WE DISAGREE WITH -- THAT WE HAD RAISED ANYTHING NEW.  BUT WE ALSO HAVE SIMILAR MOTIONS.  SO THOSE WOULD BE CROSS MOTIONS IF YOUR HONOR IS GOING TO ENTERTAIN MOTIONS TO STRIKE ALONG THOSE LINES.

**THE COURT:**  AND THE BASES FOR THE MOTION TO STRIKE IS WHAT, BASICALLY?

**MS. KASH:**  FROM OUR POSITION IS THAT THEY ADDED NEW PRIOR ART, BOTH SELF-HELP BEING IN VIOLATION OF JUDGE CORLEY'S ORDER, IN ADDITION TO OTHER ART THAT THEY HAD NEVER DISCLOSED IN THEIR CONTENTIONS.  AND THEY ALSO ADDED A NEW CLAIM FOR INFRINGEMENT.  ACRONIS HAS ASSERTED A PATENT AGAINST SYMANTEC, AND THEY ASSERTED A NEW CLAIM FOR INFRINGEMENT THAT WAS NEVER DISCLOSED IN THEIR CONTENTIONS.

SO, I MEAN, TO BE -- YOU KNOW, I CAN PUT ALL THE CARDS OUT THERE.  WE'RE FILING A MOTION FOR NONINFRINGEMENT ON ACRONIS'S PATENT.

**THE COURT:**  WELL, IS THERE SOME REASON WHY THOSE MOTIONS TO STRIKE JUST LIKE A MOTION -- JUST LIKE OBJECTIONS TO EVIDENCE CAN'T BE FILED IN CONJUNCTION WITH THE BRIEFS SO WE CAN LOOK AT IT ALL IN CONTEXT AND RULE ON THE MOTIONS TO STRIKE JUST LIKE ANY -- ANY RULING ON OBJECTION TO A PIECE OF EVIDENCE SUBMITTED IN SUPPORT OR OPPOSITION TO SUMMARY JUDGMENT AS A PART OF THAT?

**MS. KASH:**  THAT'S FINE WITH SYMANTEC.

**MR. HALKOWSKI:**  AGAIN, JUST A QUESTION OF TIMING, WHETHER YOU WANTED TO HAVE THAT KIND OF BRIEFING DONE WITH THE SUMMARY JUDGMENT MOTIONS OR AS PART OF A LEAD UP TO THE PRETRIAL CONFERENCE?  IT'S DONE BOTH WAYS --

**THE COURT:**  I WOULD LIKE TO DO IT CONJUNCTION -- WELL, IT SOUNDS LIKE IT MAY AFFECT SUMMARY JUDGMENT, SO I'M -- I'M GOING TO NEED IT IN CONJUNCTION WITH THE SUMMARY JUDGMENT. SO I SUGGEST THAT YOU -- YOU KNOW, I DON'T KNOW IF THESE NEEDS TO BE LONG AND LENGTHY JUST LIKE EVIDENTIARY OBJECTIONS, BUT I THINK YOU SHOULD FILE IT ALONG WITH -- AS PART OF THE SUMMARY JUDGMENT BRIEFING.

WHAT I DON'T WANT IS ANOTHER -- AN EXTRA 25-PAGE MEMO JUST ON A MOTION TO STRIKE.  I'M ASSUMING THIS IS GOING TO BE CONCISE AND ZERO IN ON EXACTLY WHAT THE OBJECTIONS ARE, AND I WILL RULE ON THAT, AS I WILL ON ANY OTHER EVIDENTIARY-TYPE MATTER.

**MS. KASH:**  OF COURSE, YOUR HONOR.

**THE COURT:**  SO IN CONJUNCTION, YOU FILE IT ALONG WITH YOUR RESPECTIVE BRIEFS.  YOUR OPPOSITION BRIEFS, ANY MOTION TO STRIKE, OBJECTIONS, EVIDENCE, ET CETERA, SHOULD BE INCORPORATED.

**MR. HALKOWSKI:**  ALL RIGHT.  THANK YOU, JUDGE.

**THE COURT:**  ALL RIGHT.

**MS. KASH:**  THANK YOU.

THE COURT:  GREAT.  SO WE'LL SEE YOU IN JANUARY.

MR. HALKOWSKI:  THANKS.

THE COURT:  THANK YOU.

(PROCEEDINGS ADJOURNED AT 10:47 A.M.)

## CERTIFICATE OF TRANSCRIBER

I CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT, TO THE BEST OF MY ABILITY, OF THE ABOVE PAGES OF THE OFFICIAL ELECTRONIC SOUND RECORDING PROVIDED TO ME BY THE U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, OF THE PROCEEDINGS TAKEN ON THE DATE AND TIME PREVIOUSLY STATED IN THE ABOVE MATTER.

I FURTHER CERTIFY THAT I AM NEITHER COUNSEL FOR, RELATED TO, NOR EMPLOYED BY ANY OF THE PARTIES TO THE ACTIONS IN WHICH THIS HEARING WAS TAKEN; AND, FURTHER, THAT I AM NOT FINANCIALLY NOR OTHERWISE INTERESTED IN THE OUTCOME OF THE ACTION.

_____

JOAN MARIE COLUMBINI

MONDAY, OCTOBER 21, 2013