United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYMANTEC CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>ACRONIS, INC., *et al.*,<br><br>    Defendants.<br>_____/ | No. C-11-5310 EMC<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR RELIEF FROM MAGISTRATE JUDGE'S ORDER OF SEPTEMBER 25, 2013**<br><br>**(Docket No. 279)** |

Acronis has moved for relief from Judge Corley's order of September 25, 2013. Under federal law, "[a] non-dispositve order entered by a magistrate [judge] must be deferred to unless it is 'clearly erroneous or contrary to law.'" *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). When a district court reviews a magistrate judge's order, it "may not simply substitute its judgment for that of the [magistrate judge]." *Id.*

The Court has reviewed both Judge Corley's order as well as the parties' briefs and accompanying submissions. The Court finds Judge Corley's order correct and well reasoned, and accordingly concludes that Acronis has failed to show the order was clearly erroneous or contrary to law.

To the extent Acronis contends that the single catalog feature was a fact not readily apparent from an inspection of the source code, it never presented that argument to Judge Corley for consideration. *See, e.g.*, *Estate of Gonzales v. Hickman*, No. ED CV 05-660 MMM (RCx), 2007 U.S. Dist. LEXIS 83702, at *19 n.15 (C.D. Cal. Apr. 18, 2007) (stating that, "[i]n considering a party's motion for reconsideration under Rule 72(a), the court is limited to the factual record before

the magistrate judge"); *see also Haines v. Liggett Group Inc.*, 975 F.2d 81, 91 (3d Cir. 1992) (stating that, where a district court "reconsiders" a nondispositive ruling of a magistrate judge, "the district court is not permitted to receive further evidence; it is bound by the clearly erroneous rule in reviewing questions of fact"). Acronis protests that it cannot be faulted for not providing, *e.g.*, the Edge declaration to Judge Corley because, "prior to the hearing[,] Symantec did not argue that its source code would have readily reviewed the use of the invention." Reply at 3. Although Acronis seems to be right that Symantec did not argue the source code point in its written opposition brief filed with Judge Corley, the fact remains that Symantec *did* raise the issue at the hearing before her, *see* Docket No. 270 (Tr. at 15), and Acronis did not at that time contest the assertion that the source code would reveal the single catalog feature. Acronis did not even ask that Judge Corley defer the issue so that it could look into the matter of whether the source code would reveal the single catalog feature. Instead, Acronis simply argued, in effect, that it would have been too burdensome for it to review all of the produced source code. *See* Docket No. 270 (Tr. at 16) (Acronis arguing "there were dozens and dozens of products available for inspection, and each source code is thousands and thousands of pages long").

For the foregoing reasons, Acronis's motion for relief is **DENIED**.

This order disposes of Docket No. 279.

IT IS SO ORDERED.

Dated: November 1, 2013

_____
EDWARD M. CHEN
United States District Judge

2